# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3150

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Ricky L. Brooks, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 13, 2011
Filed: August 4, 2011

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ricky Brooks pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After applying a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6), for possessing the firearm in connection with another felony offense, the district court[1] sentenced Brooks to 120 months' imprisonment. On appeal, Brooks challenges the court's application of the enhancement. We affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

## I. *Background*

Brooks pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). According to the presentence investigation report (PSR), police officers were patrolling the Westport entertainment district of Kansas City, Missouri, at night when they heard five to ten gunshots in a nearby parking lot. The officers spoke to witnesses, who pointed toward a nearby vehicle. The officers approached the vehicle, then moved to a street just north of the parking lot. They saw Brooks in the front passenger seat, holding a Romak-Romarm/Cugir SKS semiautomatic rifle in his lap. Brooks exited the vehicle and attempted to flee on foot, but the officers quickly apprehended and arrested him. The officers then recovered the semiautomatic rifle in the vehicle. The rifle had a 30-round magazine, with 23 rounds of ammunition remaining.

Shortly thereafter, officers learned that several shooting victims had arrived at a nearby hospital. One victim suffered a gunshot wound to the leg, shattering his femur bone; another suffered an abrasion on his left leg. Witnesses told the officers that the incident began with an argument in a bar across the street from the parking lot and continued into the parking lot itself. According to the witnesses, Brooks went to a vehicle, retrieved a firearm, and began shooting toward a Chevrolet Suburban, hitting two people and damaging the vehicle. These witnesses and the victims identified Brooks as the shooter.

The PSR calculated a total offense level of 27, including a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6), for possessing the firearm in connection with another felony offense, a first-degree assault and armed criminal action. Combined with his criminal history category of IV, the PSR calculated an advisory Guidelines range of 100 to 120 months' imprisonment.[2]

---

[2]The applicable range would have been 100 to 125 months' imprisonment, but the statutory maximum for Brooks's offense was 120 months' imprisonment. 18

Brooks raised only one objection to the PSR, disputing that the § 2K2.1(b)(6) enhancement should apply. In his written objection, he merely stated that he "denie[d] using a gun during an assault in the 1st degree." He did not file a sentencing memorandum, nor did he object to the PSR's factual account of the offense.

At the sentencing hearing, the court addressed Brooks's objection to the enhancement. Brooks disputed that he possessed the gun in connection with another felony offense. As his counsel explained, "[Brooks] was charged with that assault in the first degree in [Missouri state court], and that charge was dismissed because the witnesses were not cooperative." He acknowledged that, if called to testify, the witnesses to the May 3, 2009 incident would offer testimony consistent with their statements to police officers, as reflected in the PSR. The government explained that it did not have any witnesses to present at the sentencing hearing at that time. It noted that the witnesses had not appeared in state court but suggested that the government could compel their testimony, if necessary. Ultimately, however, the government offered to stipulate that four different witnesses, if called, would testify that Brooks shot the semiautomatic rifle at the Chevrolet Suburban on the night of the offense.

Brooks stipulated that the witnesses would testify as the government had represented. He argued, however, that the court should not find the witnesses credible, given their refusal to cooperate with state and federal prosecutors. Moreover, Brooks argued that the physical evidence did not support a finding that he actually shot the semiautomatic rifle. According to Brooks, the semiautomatic rifle had DNA from two other individuals who rode in the car with him—but no DNA from Brooks himself. He conceded, however, that the gun was in his lap when the car left the scene.

---

U.S.C. § 924(a)(2).

The court overruled Brooks's objection and applied the § 2K2.1(b)(6) enhancement, explaining its findings as follows:

> I'm going to rule based upon the summary of the investigative report [that the government] has given that if these witnesses were called, they would testify in accordance with the statements they made to the law enforcement officers the evening and after the offense, and I think that's sufficient evidence, regardless of whether it went to trial and resulted in a trial in the other court, is sufficient by a preponderance of the evidence to show that there was another felony committed and this defendant was involved in that other felony.

The court then confirmed that the parties had no further objections and adopted the remainder of the PSR. After hearing arguments from both parties about the appropriate sentence, the court sentenced Brooks to 120 months' imprisonment.

## II. *Discussion*

On appeal, Brooks argues that the district court erred in applying the four-level enhancement for possessing the firearm in connection with another felony offense. He contends that the court should not have relied on the out-of-court statements that witnesses made to police. Because these witnesses refused to cooperate in the state-court prosecution of Brooks for assault, Brooks maintains that the district court should not have believed their allegations. Moreover, Brooks asserts that the district court failed to consider other relevant evidence, including DNA evidence on the rifle, which showed DNA from other individuals in Brooks's car but not Brooks.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Anderson*, 618 F.3d 873, 879 (8th Cir. 2010). Specifically, "[t]he district court's determination that the defendant possessed the firearm[] in connection with another felony is a factual finding that we review for clear error." *United States v. Smith*, 535 F.3d 883, 885 (8th Cir. 2008).

At sentencing, the government bears the burden of "prov[ing] by a preponderance of the evidence each of the facts necessary to establish a sentencing enhancement." *United States v. Razo-Guerra*, 534 F.3d 970, 975 (8th Cir. 2008). "Unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes."*Id.* (quotation, alteration, and citation omitted). We have recognized that an objection to the PSR's recommendation of the enhancement itself does not imply an objection to the underlying factual statements in the PSR. *Id.* at 975–76. Instead, "[w]e require that objections to the PSR be made with specificity and clarity before a district court is precluded from relying on the factual statements contained in the PSR." *Id.* at 976 (quotations and citations omitted).

U.S.S.G. § 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." Brooks does not dispute that he possessed the semiautomatic rifle, nor does he dispute that the May 3, 2009 shooting would constitute a "felony offense" within the meaning of this Guideline. Instead, he argues that the government failed to prove by a preponderance of the evidence that Brooks himself committed the other felony offense, i.e., that Brooks shot the semiautomatic rifle at the Chevrolet Suburban.

Ample evidence supports the district court's finding that Brooks possessed the semiautomatic rifle in connection with another felony offense. Brooks objected to the PSR's enhancement recommendation, but he failed to object to the paragraphs in the PSR describing the facts of his offense. Thus, the district court was entitled to rely on those portions of the PSR. *See Razo-Guerra*, 534 F.3d at 975–76. The unobjected-to factual allegations of the PSR, as described above, stated that officers heard five to ten gunshots and, shortly thereafter, saw Brooks holding the semiautomatic rifle in his lap. The semiautomatic rifle had a 30-round magazine with 23 rounds remaining,

which provides circumstantial evidence that Brooks's rifle was the same firearm that had been fired.

Moreover, the unobjected-to factual allegations of the PSR stated that several witnesses saw Brooks fire the weapon at the Chevrolet Suburban. The district court could consider these out-of-court statements if, given the facts of the particular case, the court finds "'sufficient indicia of reliability to support [the statements'] probable accuracy.'" *United States v. Woods*, 596 F.3d 445, 448 (8th Cir. 2010) (quoting U.S.S.G. § 6A1.3(a)). Here, the PSR indicated that the witnesses made these statements to police officers shortly after the shooting. Additionally, the officers' own aural and visual observations corroborated the witnesses' statements.

In sum, the unobjected-to factual allegations in the PSR provided a sufficient factual basis for the district court to determine that Brooks possessed the semiautomatic rifle in connection with another felony offense. As a result, the court did not err in applying the § 2K2.1(b)(6) enhancement.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____