LOKEN, Circuit Judge,
with whom MELLOY, Circuit Judge, joins.
Francisco Hernandez pleaded guilty to distributing more than five grams of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1). He was sentenced to 100 months in prison, the bottom of the advisory guidelines range. Hernandez appeals, arguing the district court[1] committed clear procedural sentencing error when it assigned three criminal history points to a prior state drug conviction because it was based on relevant conduct. Finding no clear error, we affirm.
In November 2010, Omaha police officers stopped a vehicle driven by Hernandez and found over twenty grams of methamphetamine. On March 11, 2011, Hernandez accompanied an undercover federal agent and a third person to purchase methamphetamine. The trio went to a residence in Omaha, where Hernandez was handed the buy money, went into the residence, and returned with 34.65 grams of actual methamphetamine for the undercover agent. On August 5, 2011, he pleaded guilty to state charges for the November 2010 attempted distribution offense and was sentenced by the state court to two to four years in prison. On August 24, 2011, based on the March 2011 transaction, he was indicted for this federal offense, to which he pleaded guilty on February 16, 2012.
The Presentence Investigation Report (“PSR”) classified the 2011 state court conviction as a “prior sentence” for purposes of U.S.S.G. § 4A1.1 and assigned it three criminal history points. Hernandez objected and, at sentencing, presented ex *409 cerpts from an FBI agent’s affidavit supporting the assertion that, on both occasions, Hernandez was acting as a “middle man” for the same supplier in order to feed his longstanding methamphetamine addiction. Therefore, he contended, this common “mode of operation” meant the prior offense was imposed for “relevant conduct” and is not a “prior sentence.” The district court disagreed, explaining:
[The indictment charged that] the defendant knowingly and intentionally distributed five grams or more of methamphetamine on March 11 of 2011. It’s not a conspiracy allegation covering any particular period of time.
[The state conviction] deals with possession with intent to deliver methamphetamine on November 15 of 2010, four months earlier than the offense that gave rise to the charge in the indictment. So, it appears to me that those are separate and distinct acts that the defendant engaged in.... And because we are dealing with a charge that is simply one of distribution, five grams or more on a specific date, March 11, 2011, I do not consider the offense that took place on November 15 of 2010 to be relevant conduct under either the letter or the spirit of the guidelines.
On appeal, Hernandez argues the November 2010 conduct underlying his state court conviction was relevant conduct because it was “part of the same course of conduct or common scheme or plan as the offense of conviction.” U.S.S.G. § lB1.3(a)(2). The precise issue is whether the court erred in assigning criminal history points to the 2011 state court drug conviction. Relevant conduct is more commonly considered in determining a defendant’s base offense level. But Hernandez is correct that the two issues overlap. “When calculating criminal history points, a sentencing court is to consider ‘any sentence previously imposed ... for conduct not part of the instant offense,’ defined as conduct other than ‘relevant conduct’ under U.S.S.G. § 1B1.3.” United States v. Pinkin, 675 F.3d 1088, 1090 (8th Cir.2012), quoting U.S.S.G. § 4A1.2(a)(1) & comment, (n. 1). We review “prior sentence” and “relevant conduct” determinations for clear error, “remembering that such a determination is fact-intensive and well within the district court’s sentencing expertise and greater familiarity with the factual record.” United States v. Boroughf, 649 F.3d 887, 890 (8th Cir.2011) (quotation omitted); see Pinkin, 675 F.3d at 1091.
As the district court recognized and Hernandez concedes, in determining under § 4A1.2(a)(l) whether a prior conviction should not be counted because it was imposed for relevant conduct, “Mon-duct underlying a prior conviction is not relevant to the instant offense if the former conviction was a ‘severable, distinct offense’ from the latter.” United States v. Weiland, 284 F.3d 878, 881 (8th Cir.2002) (citation omitted). Factors we have consistently applied in reviewing this determination include “temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense.” Pinkin, 675 F.3d at 1091 (quotation omitted).
At issue here are two distinct distribution offenses that were committed four months apart, uncovered during unrelated law enforcement operations, and charged by two different jurisdictions. We have repeatedly affirmed district court findings that prior drug possession offenses were “separate and distinct” when the conduct underlying the prior conviction was neither alleged in the subsequent indictment nor used to prove the offense of conviction. See Pinkin, 675 F.3d at 1091; United States v. Ault, 598 F.3d 1039, 1041 (8th Cir.2010); United States v. Davidson, *410 195 F.3d 402, 409 (8th Cir.1999), cert. denied, 528 U.S. 1180, 120 S.Ct. 1218, 145 L.Ed.2d 1118 and 529 U.S. 1093, 120 S.Ct. 1732, 146 L.Ed.2d 651 (2000); United States v. Copeland, 45 F.3d 254, 256-57 (8th Cir.1995). The district court did not clearly err when it applied the proper standard and found that the 2011 state court conviction was a “prior sentence” for criminal history purposes because it was imposed for a “separate and distinct” offense.
In arguing to the contrary, Hernandez relies on the relatively broad definitions of “common scheme or plan” and “same course of conduct” in application note 9 to U.S.S.G. § 1B1.3, which we have applied in reviewing base-offense-level findings in cases such as United States v. Spence, 125 F.3d 1192, 1195 (8th Cir.1997), cert. denied, 523 U.S. 1087, 118 S.Ct. 1544, 140 L.Ed.2d 692 (1998). Given the clear error standard of review, it is not relevant whether we would have affirmed a contrary relevant conduct finding in an appeal challenging the determination of Hernandez’s base offense level, and we do not consider that question. Moreover, there are important differences in the context in which the two issues arise that explain any apparent anomalies in our case law.
When the issue is whether prior conduct should increase the base offense level, it often involves uncharged conduct that will otherwise go unpunished. But when the issue is whether a prior conviction was a “prior sentence” for criminal history purposes, the prior conduct has been punished; the question is the extent of incremental punishment to impose in sentencing the offense of conviction. This case well illustrates the distinction. Hernandez argued to the district court, as he does on appeal, that the twenty grams of methamphetamine found in his possession in November 2010 should be added to drug quantity in determining his base offense level, but he should have three fewer criminal history points. Defense counsel candidly explained to the district court that these offsetting adjustments would produce the same advisory guidelines range of 100 to 125 months in prison. However, the relevant conduct determination would make Hernandez eligible for a downward departure crediting time served for the state offense under U.S.S.G. § 5K2.23. Hernandez also filed complementary motions for this downward departure, and for a downward variance based on various mitigating circumstances.
The district court overruled the criminal history objection, denied the motions for a downward departure and a variance, and sentenced Hernandez to 100 months in prison. Under the advisory guidelines, the district court had discretion to allow Hernandez the sentence credit he was seeking either by sustaining his criminal history objection and granting a downward departure, or by granting his alternative motion for a variance. The court did not do so, no doubt because Hernandez’s extensive criminal history (removing three criminal history points would reduce him from Criminal History Category V to Category TV), and his refusal to stop drug trafficking following the November 2010 arrest, demonstrated the need for this level of incremental punishment. The overriding objective in making this type of sentencing determination is “to achieve a reasonable punishment for the instant offense.” U.S.S.G. §§ 5G1.3(c), 5K2.23. In these circumstances, the alleged procedural error borders on being harmless error.
The judgment of the district court is affirmed.

. The Honorable Laurie Smith Camp, Chief Judge of the United States District Court for the District of Nebraska.