# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2853
_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin Pepper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

_____

Submitted: March 14, 2014
Filed: March 20, 2014

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Benjamin Pepper pled guilty to possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3), and was sentenced to sixty months' imprisonment. Pepper appeals his sentence, arguing that the district

court[1] improperly calculated his advisory sentencing guidelines range. For the reasons explained below, we affirm.

On June 29, 2009, Union County, Arkansas sheriff deputies arrested Pepper after finding methamphetamine, marijuana, and four firearms in his car during a traffic stop. Pepper was charged in Arkansas state court for simultaneous possession of drugs and firearms, in violation of Ark. Code § 5-74-106, and was admitted into the Ouachita County Drug Court Program without having pled guilty or been sentenced. Pepper repeatedly failed drug tests while participating in the drug court program.

On July 21, 2011, agents from the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives executed a search warrant at Pepper's home and an adjacent shed. The agents discovered 110 firearms, a large stockpile of ammunition, a glass jar containing cocaine residue, and a smoking device. A federal grand jury indicted Pepper on several charges. On August 13, 2012, Pepper pled guilty to being an unlawful user of a controlled substance in possession of a firearm, and the Government moved to dismiss the remaining charges against him pursuant to a plea agreement.[2] Pepper was terminated from the drug court program. On September 10, 2012, the state trial court found him guilty of simultaneous possession of drugs and firearms and sentenced him to 120 months' imprisonment.

Prior to Pepper's sentencing on the federal charge, the probation officer prepared a presentence investigation report ("PSR"). The PSR recommended imposing a sentencing enhancement for trafficking in firearms pursuant to U.S.S.G.

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

[2]The count of the indictment to which Pepper pled guilty identified forty-one firearms that he had possessed.

§ 2K2.1(b)(5).[3] This recommendation relied on facts contained in paragraphs 23 through 26 of the PSR, which reported, among other things, that Pepper had provided several firearms to Jamie Charles, from whom Pepper purchased methamphetamine. On at least one occasion, Pepper traded a firearm to Charles in exchange for methamphetamine. The PSR further stated that Pepper had purchased numerous firearms, including a machine gun, from a local pawn shop and that the machine gun subsequently was found in Charles's possession. The PSR also recommended adding three points to Pepper's criminal history score pursuant to U.S.S.G. § 4A1.1(a) based on his 2012 state conviction for simultaneous possession of drugs and firearms. Pepper objected to both of these recommendations. Nevertheless, the district court accepted both and, on July 30, 2013, sentenced Pepper to sixty months' imprisonment, which was within the range prescribed by the advisory sentencing guidelines. Pepper appeals both the application of the trafficking-in-firearms enhancement and the addition of three criminal history points for his state conviction.

We turn first to the district court's imposition of the trafficking-in-firearms enhancement. "We review the district court's application of the Guidelines *de novo* and review its factual findings for clear error." *United States v. Woodard*, 694 F.3d 950, 953 (8th Cir. 2012). The Government must prove the facts that support application of a sentencing enhancement by a preponderance of the evidence. *United States v. Brooks*, 648 F.3d 626, 629 (8th Cir. 2011). However, "unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Freeman*, 718 F.3d 1002, 1005 (8th Cir. 2013) (quoting *United States v. Oaks*, 606 F.3d 530, 541 (8th Cir. 2010)); *see also* Fed. R. Crim. Pro. 32(i)(3)(A). A defendant must object to facts contained in the PSR "with specificity and clarity" so as "to put the Government on notice of

---

[3]The PSR applied the November 1, 2011 edition of the Guidelines Manual. Thus, all citations in this opinion to the Guidelines Manual refer to that edition.

the challenged facts." *United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008).

Pepper argues that the district court should not have relied on the facts contained in paragraphs 23 through 26 of the PSR. However, because Pepper did not object to those paragraphs with the requisite specificity and clarity, the district court was permitted to rely on them during sentencing. Pepper objected that he had not admitted the facts contained in those paragraphs.[4] He explained that "none of the facts stated in [paragraphs 23 through 26] have at all been admitted to by the defendant" and that "nothing in [the count of the indictment to which he pled guilty] asserts that [Pepper] in any way 'trafficked' in firearms." Pepper's objections do not contest the veracity of the facts contained in the PSR but instead merely observe that Pepper had not admitted them by pleading guilty. The facts contained in paragraphs 23 through 26 were not based on admissions made by Pepper. Rather, those paragraphs relied on statements made to law enforcement officers by Charles and two other men. Moreover, at the sentencing hearing, Pepper's counsel conceded that Charles and the others had made those statements. Thus, Pepper's objections that he did not admit the facts contained in paragraphs 23 through 26 do not imply that those facts are untrue. As such, Pepper's objections lack the specificity and clarity necessary to preclude the district court from relying on the facts contained in the PSR. *See United States v. Davis*, 583 F.3d 1081, 1095-96 (8th Cir. 2009) (holding that district court could rely on facts contained in PSR where defendant objected that he did "not concede the accuracy of any of the summaries of the offense conduct for the offenses listed in the offense conduct section"). Thus, the district court was permitted to rely on those facts.

---

[4]Pepper also objected more generally that the district court should not impose the trafficking-in-firearms enhancement. If an objection contests the PSR's recommended application of an enhancement rather than the facts underlying that recommendation, the district court may rely on the facts contained in the PSR. *See Woodard*, 694 F.3d at 954.

On appeal, Pepper also contends that the district court should not have relied on the facts contained in the PSR because Charles's statements to law enforcement officers constitute hearsay. Because Pepper did not present this argument to the district court, we review only for plain error. *United States v. San-Miguel*, 634 F.3d 471, 474-75 (8th Cir. 2011). We will reverse under plain error review only if Pepper can "show that there was an error, the error is clear or obvious under current law, the error affected the party's substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mesteth*, 687 F.3d 1034, 1037 (8th Cir. 2012) (quoting *United States v. Poitra*, 648 F.3d 884, 887 (8th Cir. 2011)). Here, Pepper has not shown that the district court erred, plainly or otherwise. In sentencing, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. Charles's statements that he had received firearms from Pepper were corroborated by the fact that the machine gun that Pepper had purchased from a pawn shop was found in Charles's possession. The corroboration of a declarant's statement provides sufficient indicia of reliability to support the statement's probable accuracy. *United States v. Woods*, 596 F.3d 445, 448 (8th Cir. 2010) (finding that corroboration of hearsay statements supported the statements' probable accuracy); *Brooks*, 648 F.3d at 630 (same). Therefore, the district court did not plainly error by relying on the hearsay statements contained in the PSR.[5]

The trafficking-in-firearms enhancement applies "[i]f the defendant engaged in the trafficking of firearms." U.S.S.G. § 2K2.1(b)(5). A defendant engaged in the trafficking of firearms if he:

---

[5]We have held that the admission of hearsay during sentencing proceedings does not violate a defendant's rights under the Confrontation Clause. *United States v. Brown*, 430 F.3d 942, 944 (8th Cir. 2005).

(i)     transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and

(ii)    knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—

(I)     whose possession or receipt of the firearm would be unlawful; or

(II)    who intended to use or dispose of the firearm unlawfully.

U.S.S.G. § 2K2.1, comment. (n.13).  The facts contained in the PSR support both prongs of the enhancement.  First, Charles stated that Pepper transferred several firearms to him.  And the machine gun that Pepper acquired from a pawn shop subsequently was found in Charles's possession, permitting the inference that Pepper transferred the machine gun to Charles.  Second, Pepper knew that Charles was a drug dealer—indeed, Charles was *his* drug dealer—and, at least once, traded a firearm to Charles in exchange for methamphetamine.  Thus, Pepper had reason to believe that Charles intended to use the firearms unlawfully.  *See United States v. Freeman*, 640 F.3d 180, 189-90 (6th Cir. 2011) (holding that defendant's trading of firearms to drug dealer in exchange for heroin gave defendant reason to believe that drug dealer intended to use firearm unlawfully).  Moreover, the machine gun that Pepper transferred to Charles was not registered, making Charles's possession of it necessarily unlawful.  *See* 26 U.S.C. § 5861(d) (proscribing the receipt and possession of certain firearms, including machine guns, absent proper federal registration).  Therefore, the district court did not err in applying the trafficking-in-firearms enhancement.

We turn next to the district court's addition of three points to Pepper's criminal history score for his state conviction.  A defendant's criminal history score will be increased by three points "for each prior sentence of imprisonment exceeding one year and one month."  U.S.S.G. § 4A1.1(a).  "The term 'prior sentence' means any

sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "We review 'prior sentence' and 'relevant conduct' determinations for clear error, 'remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record.'" *United States v. Hernandez*, 712 F.3d 407, 409 (8th Cir. 2013) (quoting *United States v. Boroughf*, 649 F.3d 887, 890 (8th Cir. 2011)).

Pepper offers two arguments that the district court erred by concluding that his state conviction for simultaneous possession of drugs and firearms falls within the scope of § 4A1.1(a). First, he argues that his state sentence was not "previously imposed" because it was imposed after he pled guilty to the federal offense. It is true—but irrelevant—that the state court did not impose its sentence until after Pepper had pled guilty to the federal offense. A sentence is previously imposed if it was "imposed *prior to sentencing* on the instant offense." U.S.S.G. § 4A1.2 comment. (n.1) (emphasis added); *see also United States v. Brooks*, 722 F.3d 1105, 1109 (8th Cir. 2013). The district court sentenced Pepper for the federal offense on July 30, 2013, more than ten months after the state court imposed its sentence. Thus, the district court correctly concluded that the state sentence was previously imposed.

Second, Pepper argues that his state conviction covered conduct that was "part of the instant offense" and thus was not a prior sentence under § 4A1.1(a). Conduct is "part of the instant offense" if it constitutes "relevant conduct" under U.S.S.G. § 1B1.3. U.S.S.G. § 4A1.2, comment. (n.1); *Brooks*, 722 F.3d at 1108. "[C]onduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a severable, distinct offense from the latter." *Hernandez*, 712 F.3d at 409 (quoting *United States v. Weiland*, 284 F.3d 878, 881 (8th Cir. 2002)) (internal quotation marks omitted). "Factors we have consistently applied in reviewing this determination include 'temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used

to prove the instant offense.'" *Id.* (quoting *United States v. Pinkin*, 675 F.3d 1088, 1091 (8th Cir. 2012)). Pepper argues that his state conviction for simultaneous possession of drugs and firearms is so similar to his federal offense as to be "part of" the federal offense. Although the state and federal offenses are similar in nature, several factors convince us that the offenses nevertheless are severable and distinct. Pepper committed the state offense in 2009, while he committed the federal offense more than two years later in 2011. The state offense occurred in Pepper's car, while the federal offense occurred in his home. The state offense involved Pepper's possession of four firearms, while the federal offense involved his possession of at least forty-one firearms. The convictions resulted from different law enforcement investigations, were prosecuted by different sovereigns, and depended on proof of different facts. Nothing in the record shows any continuity between the two offenses. In addition, the federal indictment did not mention the state offense. Thus, the district court did not clearly err in concluding that the state offense was severable and distinct from the federal offense. *See id.* (affirming application of § 4A1.1(a) based on state sentence for methamphetamine distribution in sentencing for federal methamphetamine distribution charge) ("At issue here are two distinct distribution offenses that were committed four months apart, uncovered during unrelated law enforcement operations, and charged by two different jurisdictions."). Accordingly, the district court correctly calculated Pepper's criminal history score.

For the foregoing reasons, we affirm Pepper's sentence.[6]

_____

_____

[6]Pepper does not challenge the substantive reasonableness of his sentence. Thus, we do not address that issue. *See United States v. Brown*, 550 F.3d 724, 729 n.4 (8th Cir. 2008).