# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3298

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Lester Slaughter, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 14, 2015
Filed: February 4, 2016
[Published]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

On June 26, 2014, Leonard Lester Slaughter III pled guilty to one count of escape from a Bureau of Prisons facility in violation of 18 U.S.C. § 751(a). The

district court[1] imposed a within-Guidelines sentence of 24 months' imprisonment. Slaughter appeals, asserting error in the calculation of his criminal history category. Finding no error, we affirm.

When Slaughter escaped from prison, he was serving a 115-month sentence on a federal conviction for conspiracy to distribute cocaine base. At sentencing for this drug conspiracy offense, the district court concluded that two prior Minnesota state convictions qualified as relevant conduct under USSG § 1B1.3 and thus should not be included when calculating Slaughter's criminal history score: a 2006 conviction for felony possession of a controlled substance and a 2008 conviction for felony possession of a firearm after conviction of a violent crime. At sentencing on the current escape offense, Slaughter argued that these two prior convictions should not be included in his criminal history score, as in the earlier sentencing. Slaughter reasoned that his escape from custody was simply a continuing consequence of the drug conspiracy. As a result, he argued, the two prior Minnesota state convictions remained relevant conduct and should be excluded from calculation of his criminal history category. See USSG § 4A1.2(a) cmt. n.1. We review the district court's determinations on what qualifies as a "prior sentence" or "relevant conduct" for clear error, "remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." United States v. Hernandez, 712 F.3d 407, 409 (8th Cir. 2013) (quoting United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011)).

In general, a "prior sentence" results in the imposition of criminal history points under USSG §§ 4A1.1 and 4A1.2. However, if the prior offense is "relevant conduct" under USSG § 1B1.3, it is considered "part of the instant offense" and is not included in the criminal history category. USSG § 4A1.2(a) cmt. n.1; United States

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

v. Pepper, 747 F.3d 520, 526 (8th Cir. 2014). Generally, "conduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a severable, distinct offense from the latter." Pepper, 747 F.3d at 526 (quoting Hernandez, 712 F.3d at 409).

Here, the district court did not err in determining that Slaughter's prior Minnesota convictions were not relevant conduct to his escape offense. The district court found that while Slaughter was in prison because of his prior offense, there was no indication that the escape was part of that conspiracy. Moreover, Slaughter's escape was temporally and geographically distinct from the conspiracy, taking place in Arkansas in June 2013, while the conspiracy offense occurred in Minnesota between 2001 and 2006. See Pepper, 747 F.3d at 526 ("Factors we have consistently applied in reviewing this determination include 'temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense.'" (quoting Hernandez, 712 F.3d at 409)). There were no common victims of the two offenses and, as the district court found, no evidence of a common scheme. See id. The only connection between the drug conspiracy (and, by extension, the state court convictions) and the escape was that Slaughter was in custody on the drug conspiracy conviction when he escaped. While Slaughter would not have been in a position to commit the escape if not for the prior conspiracy offense, such a general "but for" connection is insufficient to establish that the prior state court convictions were relevant conduct to the instant offense.

Accordingly, we conclude that the district court did not err in calculating Slaughter's criminal history category, and affirm Slaughter's sentence.

_____