# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3328
_____

United States of America

*Plaintiff - Appellee*

v.

Mario Andrew Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 20, 2016
Filed: August 22, 2016
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Mario Andrew Williams was convicted of conspiracy to distribute at least 280 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(A), and 846.  He appeals from the 240-month sentence imposed by the district court.[1]  We affirm.

Law enforcement officers began investigating Williams in June 2014 after a confidential source provided information that Williams had been selling crack cocaine and marijuana out of his home in Davenport, Iowa.  Officers conducted three controlled buys at Williams's home in June and July of 2014, during which a confidential source purchased small quantities of substances that were later confirmed to be crack cocaine and marijuana.  The officers arrested Williams on July 15, 2014, outside a motel where Williams was staying with his girlfriend and their three children.  Williams initially fled when officers approached him, but was quickly apprehended and brought under control by use of a taser, following which he participated in an interview with officers.  Williams informed the officers that he had been purchasing one-ounce quantities of crack cocaine from his cousin in Chicago, Illinois, since approximately July 2009, totaling approximately twenty or twenty-five ounces between 2009 and 2014.  He explained that he had been convicted in 2008 of possession with intent to deliver ten grams or less of crack cocaine, that he had been released from prison on parole in July 2009, and that he had sold small quantities of crack cocaine "off and on" since that time.

The presentence investigation report (PSR) applied the career-offender enhancement based on Williams's 2007 conviction for possession with intent to deliver marijuana and the above-mentioned 2008 conviction.  With the enhancement, the PSR calculated a total offense level of 34, a criminal history category of VI, and a resulting advisory sentencing range of 262 to 327 months' imprisonment. Williams did not object to the PSR's application of the career-offender enhancement.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Williams requested a downward variance to a sentence near the statutory minimum of 10 years' imprisonment, arguing that he had accepted responsibility for his poor choices, expressed sincere remorse, cooperated with police, and demonstrated a commitment to obtaining an associate's degree. Williams introduced testimony from his mother, a letter from a financial advisor at the community college he attended, and a letter from a family friend in support of his request, all of which pointed to Williams's strong relationship with his family and his efforts at self improvement. Williams noted that he was actively involved in his children's lives, that his offense was not violent and involved small quantities of crack cocaine, that he had never used a weapon, that he had committed his earlier crimes when he was a young man, and that he had never been incarcerated for longer than eight months.

The district court discussed the § 3553(a) factors, noting that "some of these factors work in your favor and some of them work against you." After acknowledging the above-described mitigating factors, the court stated that Williams was "involved in distributing something that destroys people's lives," that Williams had been "pretty consistently involved in criminal activity," and that he had "increased the seriousness of [his] involvement" in that activity over time. The court recognized that Williams faced a prison term substantially longer than any he had faced before, observing that the lenient sentences Williams had received in the past had apparently failed to deter him from illegal conduct. After weighing the relevant factors, the court concluded that a substantial sentence was necessary and that "a modest variance [was] appropriate, but it can only be a modest variance in response to all of the other factors that the Court must consider," and then imposed the earlier-noted 240-month sentence.

Williams argues that his 2008 conviction was not a prior conviction for purposes of the career-offender enhancement because it was "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); United States v. Hernandez, 712 F.3d 407, 409 (8th Cir. 2013). Because Williams failed to raise this objection in the district court, we review for plain

error.[2]  Fed. R. Crim. P. 52(b); see also United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (standard of review).

A prior conviction does not count toward the career-offender enhancement if that conviction was for "relevant conduct," meaning conduct that is attributable to the instant offense.  See U.S.S.G. §§ 4A1.2(a)(1) & cmt. n.1, 4B1.2 cmt. n.3; see also id. § 1B1.3 & cmt. n.5(B)-(C) (defining "relevant conduct").  "[I]n determining . . . whether a prior conviction should not be counted because it was imposed for relevant conduct, '[c]onduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a "severable, distinct offense" from the latter.'" Hernandez, 712 F.3d at 409 (second alteration in original) (quoting United States v. Weiland, 284 F.3d 878, 881 (8th Cir. 2002)).  "[O]ffense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense . . . is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3 cmt. n.5(C).  Here, Williams's prior conviction was separated from the instant offense by a prison term, Williams admitted that he entered into the instant conspiracy after being released from prison, and the record contains no evidence that the two offenses were connected in any way other than the fact that both involved crack cocaine.  The district court thus committed no error, plain or otherwise, in counting Williams's 2008 conviction as a prior conviction for purposes of the career-offender enhancement.

Williams argues in the alternative that his sentence is substantively unreasonable because the district court failed to place sufficient weight on Williams's

_____

[2]The government argues that Williams waived his career-offender argument by admitting in the plea agreement that the conspiracy began "in or around July 2009" and by acknowledging that the PSR's application of a 2-level enhancement for maintaining a drug premises did not affect the total offense level in light of the application of the career-offender enhancement.  We assume without deciding that Williams did not waive this issue and that plain-error review is appropriate.

acceptance of responsibility, his personal circumstances, the non-violent nature of his prior offenses, and the fact that the longest period he had spent in prison was less than one year. We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (citation omitted). The district court considered only relevant factors under § 3553(a) and gave Williams's mitigating factors the weight it thought they deserved, and thus we conclude that it did not commit a clear error of judgment in concluding that a 240-month sentence was "sufficient, but not greater than necessary to" comply with the purposes of sentencing.

The sentence is affirmed.

_____