# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3222
_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: September 27, 2019
Filed: December 16, 2019

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

SMITH, Chief Judge.

In July 2017, Darrell Smith pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343.[1] The district court[2] sentenced him to a term of 151 months'

____

[1]Although not relevant to this appeal, Smith also pleaded guilty to aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The sentence for aggravated

imprisonment. On appeal, Smith challenges the district court's calculation of his criminal history score. Smith contends that the district court erred by counting his prior tax-related conviction. We affirm.

## I. *Background*

For many years, Smith worked as a broker and an investment advisor at several investment firms. In 2008, Smith and his partner formed an Iowa-based investment partnership—named Energae, LP ("Energae")—to invest in various biofuel companies. Energae bought a 49 percent interest in an ethanol production plant called Permeate Refining, LLC ("Permeate"), which was owned by Randy Less.

### A. *Prior Conviction*

As Permeate's majority holder, Less delegated some management and control over Permeate's corporate payroll to Smith. The law required Permeate to withhold employment taxes from the taxable wages of its employees and to file the appropriate tax returns with the Internal Revenue Service (IRS). Smith and Less withheld employment taxes from the taxable wages of Permeate's employees, but Smith and Less did not pay those taxes to the IRS in the fiscal quarters for 2011 and 2012. In total, they failed to account for and pay over $502,683.

In January 2016, Smith and Less were indicted for various crimes. Smith pleaded guilty to one count of failure to account for and pay over employment taxes and was sentenced to 13 months' imprisonment.

---

identity theft is a two-year term of imprisonment that is required by statute to run consecutively with other punishments, *see* 18 U.S.C. §§ 1028A(a)(1), (b)(2), and, therefore, is not grouped with Smith's wire-fraud conviction. *See also* U.S.S.G. §§ 3D1.1(b)(2) and 5G1.2(a)(2).

[2]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## B. *Offense of Conviction*

In 2013, a client for Smith's former employer, Multi-Financial Services Corporation, filed a complaint against Smith, alleging that Smith had purchased investments without the client's authorization. An investigation revealed that Smith had intentionally devised and executed a scheme to defraud several of his investment clients beginning in 2010 and continuing through at least April 2013. He stole money from his investment clients' accounts and transferred the stolen funds to Energae. Energae, in turn, used the stolen funds to pay expenses related to Permeate's operations and to invest in other entities.

At various times, Smith used pre-signed, blank authorization forms or forged his clients' signatures in order to effectuate the unauthorized transfer of funds. He also diverted funds from his investment clients' accounts using checks. He often used wire and mail transfer to send and deposit the stolen funds into Energae's accounts. During the course of Smith's fraudulent scheme, he stole over $2.4 million from 10 investment clients.

In May 2017, the government charged Smith with wire fraud. Shortly thereafter, he pleaded guilty to the charge pursuant to a plea agreement. Smith's plea agreement reserved the right to contest the probation office's determination of his criminal history and relevant category under the Guidelines. In the presentence investigation report (PSR), the probation office recommended adding two criminal history points for Smith's prior conviction of failing to account for and pay over employment taxes. The two points resulted in a criminal history category of II.

Smith objected to the probation office's recommendation. He argued that the conduct underlying his prior tax-related conviction was relevant conduct to his wire-fraud conviction and should not result in two criminal history points. Without the two points, Smith's criminal history would have been a category I, and his Guidelines range would have been 135 to 168 months' imprisonment instead of 151 to 188 months' imprisonment.

During the sentencing hearing, Smith continued to object to the criminal history score and category recommendation. The district court found that Smith's prior tax-related conviction was "not relevant conduct to the instant offense" and was "an entirely different scheme." Sent. Tr. at 8, *United States v. Smith*, No. 6:17-cr-02030-LRR-MAR (N.D. Iowa Oct. 5, 2018), ECF No. 117. Thus, the district court overruled Smith's objection, while specifically noting:

> The scheme in this case was a fraud perpetrated by taking money from private clients of . . . [Smith] without their permission, when he purported to be their trusted investment advisor.
>
> In the tax scheme, he and his accomplice deducted employee payroll taxes and the like and did not pay them over to the IRS, nor account for them. So two different schemes entirely. As mentioned, in the tax scheme, he had an accomplice; in this case, he acted alone. In the tax case, the government and the employees were victims; and in this case, private individuals, different individuals, were the victims, and they were not, of course, employees of [Smith].

*Id.* at 8–9.

The district court then accepted the probation office's recommendation. Ultimately, the district court sentenced Smith to 151 months' imprisonment for his wire-fraud conviction.

## II. *Discussion*

"Prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). "When calculating criminal history points, a sentencing court is to consider" a defendant's prior sentence, which is further "defined as conduct other than 'relevant conduct' under U.S.S.G. §

-4-

1B1.3." *United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012); *see also* U.S.S.G. § 4A1.2(a)(1) cmt.1. "Relevant conduct includes 'all acts . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.'" *United States v. Ault*, 598 F.3d 1039, 1041 (8th Cir. 2010) (alteration in original) (quoting U.S.S.G. § 1B1.3(a)(1)). "We review 'prior sentence' and 'relevant conduct' determinations for clear error, remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016) (quoting *United States v. Hernandez*, 712 F.3d 407, 409 (8th Cir. 2013)).

"A prior conviction is not relevant to the instant offense if the conduct underlying the former conviction results in a 'severable, distinct offense.'" *United States v. Thomas*, 760 F.3d 879, 891 (8th Cir. 2014) (quoting *Hernandez*, 712 F.3d at 409). "Factors that we consider in making this determination include 'temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense.'" *Id.* (quoting *Hernandez*, 712 F.3d at 409). We also consider additional factors, including "whether the same sovereign prosecuted the prior conviction" and whether the record "demonstrate[s] a continuity between the two offenses." *Id.* (citing *United States v. Pepper,* 747 F.3d 520, 526 (8th Cir. 2014)).

Smith argues that the district court committed procedural error when it awarded two points for his 2016 tax-related conviction, placing him in a criminal history category of II. Smith contends that the offense of conviction in the instant case and his prior tax-related conviction are sufficiently linked in time, place, and motive. He, therefore, asserts that the conduct underlying his prior tax-related conviction qualifies as relevant conduct for his offense of conviction in the instant case. In other words, Smith's primary contentions are that his prior tax-related conduct falls squarely within the same acts that constituted his instant wire-fraud conduct and that his combined

conduct should fall under a criminal history category of I. If classified under a criminal history category of I, Smith argues that he may have received a sentence with 16 fewer months for his wire-fraud conviction, likely reducing his total sentence.

We reject Smith's attempt to connect his prior tax-related conviction to his instant offense. Although the two convictions share the same time period, they differ significantly in relation to other important considerations. These convictions do not share the same victims, scheme, or indictment. Likewise, Smith's 2016 tax-related conviction was not used to prove his 2017 wire-fraud conviction, and the record reflects no nexus between the former and latter convictions. Thus, the district court's ruling is consistent with our holdings in cases where the conduct underlying the prior sentence and offense of conviction shared some temporal and geographical proximity, but additional facts showed that the two convictions were separate and distinct.[3]

As the district court correctly noted, the victims of Smith's illegal actions were different in both cases. In the tax case, Smith, who had control over Permeate's payroll, withheld employment taxes from the pay of Permeate's employees and failed

---

[3]*See, e.g.*, *Tidwell*, 827 F.3d at 765 ("While there was temporal and presumably geographical proximity, the federal indictment charged Tidwell with four substantive drug distribution counts for conduct occurring between February 2010 and May 2011. This suggests that his February 2012 conduct was severable and distinct."); *United States v. Boroughf*, 649 F.3d 887, 891 (8th Cir. 2011) ("Boroughf's attempt to connect his 1997 conviction to the instant offense relies on the fact that both involved marijuana and that the 1997 conviction occurred within the time frame of the conspiracy. Additional facts, however, support the district court's conclusion that the 1997 conviction was . . . separate and distinct . . . ."); *United States v. Torres-Diaz*, 60 F.3d 445, 448 (8th Cir. 1995) ("[A]lthough there is temporal and geographical proximity, the [instant] offense occurred over an extended period . . . . As the district court rightly observed, a defendant is not entitled to merge all criminal activities . . . because these activities occurred over a single span of time, or out of a common base of operations.").

to pay the taxes to the IRS. In that scheme, Smith victimized Permeate's employees and the IRS. Here, the record shows that Smith targeted at least ten investment clients—all unrelated to Permeate's employees or to the government.

In addition, Smith's prior tax-related conviction and instant offense are the result of two separate charging documents that were filed at different times. These were distinct offenses and resulted in separate, unrelated convictions. On this record, we conclude that the district court did not clearly err.

### III. *Conclusion*
Finding no error, we affirm the sentence imposed by the district court.

_____