# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3260

_____

United States of America

*Plaintiff - Appellee*

v.

Robert E. Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2020
Filed: May 13, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Robert E. Smith pleaded guilty to conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(B).  The district court[1] sentenced Smith to 84 months' imprisonment after determining that his total offense level was 25, that his criminal history category was IV, and that his advisory sentencing range under the U.S. Sentencing Guidelines was 84 to 105 months' imprisonment.

Smith challenges the district court's calculation of his criminal history score. Because criminal history points are only assigned to sentences for "conduct not part of the instant offense," U.S.S.G. § 4A1.2(a)(1), Smith contends that he should not have been assessed one criminal history point for his 2016 Missouri sentence for possession of heroin.  Without that point, his criminal history category would have been III and his advisory sentencing range would have been 70 to 87 months' imprisonment.

We conclude that the district court did not clearly err in finding that the conduct underlying Smith's 2016 conviction was not part of the instant federal offense.  See United States v. Pinkin, 675 F.3d 1088, 1091 (8th Cir. 2012) (standard of review).  Although in both cases Smith purchased from the same supplier and possessed heroin in St. Louis, Missouri, the state and federal offenses "resulted from different law enforcement investigations, were prosecuted by different sovereigns, and depended on proof of different facts."  See United States v. Pepper, 747 F.3d 520, 526 (8th Cir. 2014) (holding that the district court did not clearly err in concluding that "[defendant's] state offense was severable and distinct from the federal offense" even though both were unlawful firearm possession offenses).  Moreover, in response to a question whether the court could consider any break in Smith's drug activity to determine his criminal history score, Smith conceded that a break had occurred between his 2016 Missouri offense and his current offenses.  See id. (holding that the district court did not clearly err in part because two years had passed between the

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

state and federal offenses).  The district court thus did not clearly err in finding that Smith's 2016 possession conviction was a severable and distinct offense.

The judgment is affirmed.

_____