# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3505
_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Howard Crum, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: October 17, 2022
Filed: November 28, 2022
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Kenneth Crum, Jr. was sentenced to 210 months' imprisonment after pleading guilty to receipt and possession of child pornography. He appeals his sentence, arguing that his prior state harassment convictions were "relevant conduct" that the

district court[1] should have excluded from its criminal-history calculation. We affirm.

Between May and October 2020, Kenneth Crum, Jr. anonymously published photographs of women and young girls on a message-board website known as "COOP." Crum typically included commentary with the photographs expressing his desire to sexually assault the depicted female. Among the photographs that Crum published were nude or partially nude images of S.H. and N.C., two women who lived near him. Both women later confirmed to investigators that they had neither given the photographs to Crum nor consented to his publishing them.

In November 2020, Crum's ex-wife discovered that her name, photograph, cellphone number, age, and state of residence were featured in a message thread on COOP titled "Text ur sluts." She alerted the police, who soon determined that Crum was responsible. After the police learned more about Crum's online activity, including his publication of S.H. and N.C.'s photographs, they obtained a warrant to seize Crum's cellphone and other electronic equipment. Examination of the devices revealed more than 5,000 images of child pornography, many of which depicted prepubescent girls.

Crum was arrested and charged in state court with five counts of harassment, based on the publication of S.H. and N.C.'s photographs on COOP, *see* Iowa Code § 708.7(1)(a)(5), and eleven counts of sexual exploitation of a minor, based on the child pornography found on his electronic devices, *see id.* § 728.12(3). He pleaded guilty to two harassment counts and was sentenced to 2 years' imprisonment. The other three harassment counts, as well as the eleven counts of sexual exploitation of a minor, were dismissed. Crum was then federally indicted on one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and one

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). He pleaded guilty to both counts.

The presentence investigation report ("PSR") assessed three criminal-history points for Crum's state harassment convictions. Besides the harassment convictions, Crum had no criminal history. The PSR ultimately calculated a criminal-history category of II and a total offense level of 34, resulting in an advisory sentencing guidelines range of 168 to 210 months. Although Crum noted in his sentencing memorandum that his guidelines range would have been 151 to 188 months had the harassment convictions been excluded from his criminal-history calculation, he did not object to the PSR's criminal history-calculation or its calculated guidelines range.

At sentencing, Crum reiterated that he did not object to the PSR's guidelines range. The district court then adopted that range and sentenced Crum to 210 months' imprisonment followed by 10 years' supervised release. Crum appealed.

Crum argues that the guidelines range adopted by the district court was erroneous. He contends that the conduct underlying his harassment convictions was intertwined with his child-pornography offenses, making it "relevant conduct" under U.S.S.G. § 1B1.3 that the court should have excluded from its calculation of his criminal history. Crum asserts that the district court must therefore resentence him. *See United States v. Trung Dang*, 907 F.3d 561, 564 (8th Cir. 2018) (noting that a non-harmless error in calculating a defendant's guidelines range requires resentencing).

As Crum did not object below, we review his sentence for plain error only. *See id*. To establish plain error, Crum must show not only that the district court's guidelines calculation was clearly or obviously erroneous, but that the erroneous calculation "affected his substantial rights," *see United States v. Combs*, 44 F.4th 815, 818 (8th Cir. 2022) (brackets omitted), meaning that it is reasonably likely that Crum "would have received a lighter sentence but for the error," *see Trung Dang*,

907 F.3d at 564. And even if Crum can make this showing, we will order resentencing only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See id*.

We find no plain error in the district court's guidelines range. Because Crum's harassment convictions were "severable, distinct offense[s]" from his child-pornography offenses, the court did not err in including them in its calculation of Crum's criminal history. *See United States v. Smith*, 944 F.3d 1013, 1016 (8th Cir. 2019).

Under the sentencing guidelines, a district court should add three criminal-history points "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). The guidelines define a "prior sentence" as "any sentence previously imposed . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Conduct underlying a previously imposed sentence is "not part of the instant offense" if the "former conviction was a severable, distinct offense from the latter." *United States v. Pepper*, 747 F.3d 520, 526 (8th Cir. 2014). By contrast, conduct underlying a previously imposed sentence is part of the instant offense if it is "relevant conduct." U.S.S.G. § 4A1.2, cmt. 1; *see* U.S.S.G. § 1B1.3(a)(1) (defining "relevant conduct" as "all acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). Whether the conduct underlying a defendant's previously imposed sentence is relevant conduct depends on several factors, including "temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction [wa]s used to prove the instant offense." *Smith*, 944 F.3d at 1016.

Crum argues that the conduct underlying his state harassment convictions—posting photographs of S.H. and N.C. on COOP—was relevant to his child-pornography offenses for two reasons. First, he says that his COOP activity occurred at the same time that he was receiving and possessing child pornography. Second,

he says that his COOP activity is what caused law enforcement to seek the search warrant that led to his conviction for the child-pornography offenses, making the offenses "intertwined."

Notwithstanding these two common factors, Crum's harassment and child-pornography offenses are not as related as he insists. Indeed, several other factors make clear that the offenses are severable and distinct.

First, the offenses lack not only a common victim but a common *category* of victim. The victims of the harassment offenses were S.H. and N.C., adult women from Crum's local community, while the victims of the child-pornography offenses were minors or prepubescent children from various locations, many of whom remain unidentified. Second, the offenses lack a common purpose or motive. Crum's motive for committing the harassment offenses was to "intimidate, annoy, or alarm" S.H. and N.C., *see* Iowa Code § 708.7(1)(a)(5), while his motive for committing the child-pornography offenses presumably was to view or possess sexually explicit images of children. Finally, none of the pictures of S.H., N.C., or any other female that Crum published on COOP were used to prove his child-pornography offenses. Indeed, his COOP conduct was not charged in the federal indictment because the images that he published there, unlike those found on his electronic devices, were not child pornography. *See* 18 U.S.C. § 2256(8) (defining "child pornography").

In short, the conduct underlying Crum's harassment convictions was "not part of the instant [child-pornography] offense," *see* U.S.S.G. § 4A1.2(a)(1), and therefore not "relevant conduct," *see* U.S.S.G. § 1B1.3(a)(1). The district court thus did not err, much less clearly or obviously err, in including the harassment offenses in its calculation of Crum's criminal history.

For the foregoing reasons, we affirm Crum's sentence.

———————————————————