# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3229
_____

United States of America

*Plaintiff - Appellee*

v.

Dexter Elcan

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri
_____

Submitted: October 17, 2022
Filed: February 24, 2023
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Dexter Elcan pled guilty to possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Elcan to 240 months of imprisonment, which was below the

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

calculated advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 360 to 480 months. Elcan appeals, arguing the district court miscalculated his base offense level, and thus the recommended sentencing range, by erroneously finding relevant conduct including several drug transactions involving at least 45 kilograms of methamphetamine. For the following reasons, we affirm.

"We review . . . 'relevant conduct' determinations for clear error, remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." *United States v. Smith*, 944 F.3d 1013, 1016 (8th Cir. 2019) (quoting *United States v. Tidwell*, 827 F.3d 761, 764 (8th Cir. 2016)). This includes a district court's drug-quantity determination. *See United States v. McArthur*, 11 F.4th 655, 659 (8th Cir. 2021). We will reverse such a finding only when "the entire record definitely and firmly illustrates that the lower court made a mistake." *Id.* (quoting *United States v. Sainz Navarrete*, 955 F.3d 713, 720 (8th Cir. 2020)). "The base offense level for drug offenses under the Guidelines is based upon drug quantity, which may include types and quantities of drugs not specified in the count of conviction if they are relevant conduct." *United States v. Thomas*, 760 F.3d 879, 888 (8th Cir. 2014) (quoting *United States v. Ault*, 446 F.3d 821, 823 (8th Cir. 2006)). "At sentencing, 'the government bears the burden of proving drug quantity by a preponderance of the evidence.'" *McArthur*, 11 F.4th at 659 (alteration omitted) (quoting *Sainz Navarrete*, 955 F.3d at 720).

Here, the government introduced evidence at the sentencing hearing that Elcan participated in sales of methamphetamine for several years and he involved multiple accomplices. In particular, the government introduced a cooperating criminal defendant, Thomas Hamilton, who had worked with Elcan in distributing methamphetamine. Hamilton detailed a years-long relationship between himself and Elcan during which he estimated Elcan sold between 100 and 200 pounds of methamphetamine to him. Hamilton's testimony was also consistent with Elcan's own statements to police that Elcan was personally responsible for shipping

hundreds of pounds of methamphetamine into Missouri. We discern no clear error in the district court's drug-quantity finding.

Elcan advances two primary arguments attacking the district court's decision. First, Elcan argues Hamilton's testimony was unreliable hearsay and cannot support the finding that Elcan shipped these large quantities of methamphetamine. Elcan also argues that even if Hamilton's testimony could be believed, the transactions Hamilton described do not constitute "relevant conduct" for purposes of determining Elcan's base offense level because they were separate and distinct from the count of conviction to which he pled guilty. Neither argument has merit.

The district court based its decision largely on Hamilton's testimony, which the court found credible. "[A] district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." *United States v. Buford*, 42 F.4th 872, 876 (8th Cir. 2022) (quoting *United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003)). That some of the information relied on included hearsay does not change our conclusion. "Hearsay—even uncorroborated hearsay—is admissible at sentencing if it has 'sufficient indicia of reliability' and the defendant is allowed to rebut or explain it." *United States v. Wallace*, 852 F.3d 778, 785 (8th Cir. 2017) (quoting *United States v. Garcia*, 774 F.3d 472, 475 (8th Cir. 2014)); *see also* Fed. R. Evid. 1101(d)(3) (providing the Federal Rules of Evidence generally do not apply to sentencing). Hamilton's testimony at the sentencing hearing was consistent with Elcan's own statements to police about his activities. Moreover, Elcan's attorney cross-examined Hamilton during the sentencing hearing. Considering this evidence, we conclude the district court's finding that the testimony was credible and admissible was not clearly erroneous.

We also reject Elcan's argument the ongoing scheme with Hamilton was separate from the circumstances surrounding his guilty plea. "Relevant conduct is 'all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *United States v. Campbell-Martin*, 17 F.4th 807, 818 (8th Cir. 2021), *cert. denied*, 143 S. Ct. 86 (2022) (quoting

U.S.S.G. § 1B1.3(a)(2)). "For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." *Id.* (quoting U.S.S.G. § 1B1.3, cmt. n.5(B)(i)); *see also United States v. Lawrence*, 854 F.3d 462, 468 (8th Cir. 2017) (concluding the sentencing court did not clearly err in finding relevant conduct where the defendant had the same source of supply, distributed the same type of drug, and worked in the same geographic region after the conspiracy for which he was charged).

Here, the evidence showed Elcan engaged in trafficking the same drug (methamphetamine) for several years to the same area (Missouri) with the same accomplice (Hamilton) for the same purpose (distribution). In addition to the testimony and evidence introduced at the sentencing hearing, Elcan stipulated in his plea agreement that he shipped drugs from California to Missouri and had them distributed, either by accomplices or by himself. Elcan also stipulated he wired proceeds from selling such drugs to California. Considering this evidence, we conclude the district court's finding that the transactions between Elcan and Hamilton qualified as relevant conduct was not clearly erroneous.

For the foregoing reasons, we affirm the judgment of the district court.

_____