# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1161
_____

United States of America

*Plaintiff - Appellee*

v.

Quentin Leeaaron Tidwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 11, 2016
Filed: July 1, 2016

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Quentin Tidwell pleaded guilty to a February 2012 charge that he conspired to distribute more than 280 grams of crack cocaine. The mandatory minimum sentence for that offense is 120 months in prison. See 21 U.S.C. § 841(b)(1)(A)(iii). At his

February 20, 2013, sentencing, the district court[1] determined that Tidwell's advisory guidelines range was 135 to 168 months and sentenced him to 135 months in prison. In October 2013, the government filed a motion to reduce Tidwell's sentence below the 120-month mandatory minimum due to substantial assistance he provided after sentencing. See Fed. R. Crim. Pro. 35(b)(4). The district court granted the 30% reduction recommended by the government and reduced Tidwell's sentence to 94 months in prison.

In February 2014, Tidwell filed a 28 U.S.C. § 2255 motion to vacate his sentence, alleging that the district court committed procedural sentencing error when it assigned three criminal history points to a 1992 conviction because the conviction fell outside the 15-year limitation period in U.S.S.G. § 4A1.2(e). After a thorough inquiry, the district court agreed, vacated Tidwell's sentence, and ordered resentencing under § 2255 on a date after November 1, 2014, the effective date of Sentencing Guidelines Amendment 782, which would retroactively lower Tidwell's base offense level by two levels if Congress did not disapprove. See United States v. Thomas, 775 F.3d 982, 982-83 (8th Cir. 2014).

A revised PSR, prepared prior to the January 2015 resentencing, reduced Tidwell's base offense level consistent with Amendment 782, did not assign criminal history points for his 1992 conviction, but did assign three points for a September 2013 Arkansas conviction for possession with intent to deliver ecstasy and cocaine, firearm offenses, and misdemeanor animal cruelty, charges arising from Tidwell's February 16, 2012, arrest. At the resentencing hearing, the main issue was whether criminal history points should be assessed for this 2013 conviction. The district court concluded the conviction counted, granted the government's renewed motions for a

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

substantial assistance reduction,[2] applied the same 30% reduction to the bottom of Tidwell's revised guidelines range, and resentenced him to 84 months in prison. Tidwell appeals the revised sentence, arguing the district court committed procedural sentencing error in counting the 2013 conviction as a "prior sentence" under § 4A1.2(a)(1). We affirm.

On appeal, Tidwell argues, as he did in the district court, that the 2013 conviction should not be counted for two reasons: (1) it was imposed *after* his original sentencing, and (2) the conduct underlying that conviction was relevant conduct to the drug conspiracy offense of conviction. On the first issue, the government argues the district court correctly applied Pepper v. United States, 562 U.S. 476 (2011), in concluding that a conviction imposed after the original sentencing but before resentencing may be taken into account. On the second issue, the government concedes that the firearm and drug-trafficking conduct underlying Tidwell's 2013 conviction was relevant conduct but argues the misdemeanor animal cruelty conviction "had nothing to do with the conspiracy indictment" and should have been assessed two criminal history points. The government also argues that any procedural error was harmless because the 120-month mandatory minimum was greater than the maximum of the revised advisory range Tidwell urges, and therefore "the mandatory minimum sentence of 120 months was the guidelines sentence, and thus the appropriate point from which to depart downward" for his substantial assistance. United States v. Diaz, 546 F.3d 566, 568 (8th Cir. 2008), applying U.S.S.G. § 5G1.1(b).

The district court rejected Tidwell's contentions, concluding that Pepper authorized looking "anew" at Tidwell's criminal history, including a post-original-

_____

[2]Because the court vacated Tidwell's original sentence and conducted a *de novo* resentencing, the government needed to file pre-sentence substantial assistance motions under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), rather than renew its prior post-sentence Rule 35(b)(4) motion.

sentencing conviction. The court found that Tidwell's conduct underlying the 2013 conviction was not relevant conduct because it involved different drugs and occurred after the end of the drug conspiracy alleged in the indictment. The court determined that 30% was an appropriate reduction for Tidwell's substantial assistance. See United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007) (a sentence below the mandatory "minimum must be based exclusively on assistance-related considerations"). Applying the 18 U.S.C. § 3553(a) sentencing factors, the court determined that it would depart from the bottom of the revised guidelines range. Relying on Diaz, it concluded that the 120-month mandatory minimum was the lowest possible starting point. The court therefore imposed an 84-month sentence, 30% below the 120-month mandatory minimum.

(1) We have not previously considered whether a district court may include a conviction imposed after initial sentencing in determining a defendant's criminal history category at his resentencing. Tidwell urges us to follow the First Circuit's reasoning in United States v. Ticchiarelli, 171 F.3d 24 (1st Cir.), cert. denied, 528 U.S. 850 (1999). In that case, the First Circuit vacated the initial sentence and remanded for resentencing. On remand, the district court considered a conviction imposed during the intervening period to be a "prior sentence" under U.S.S.G. § 4A1.2(a)(1). The First Circuit reversed. Tidwell relies on the Court's statement that "the most sensible reading is that the guidelines' reference to 'prior sentence' means, in this context, a sentence which is prior to the original sentence which was vacated and remanded only for resentencing." Id. at 35.

We decline to apply this reasoning because the "context" in this case is distinguishable. Tidwell was not resentenced on remand from this court. Rather, the district court granted him a *de novo* resentencing as post-conviction relief under 28 U.S.C. § 2255. The First Circuit's reasoning was based in part on its restrictive "mandate rule." Ticchiarelli, 171 F.3d at 35. We take a less restrictive approach in construing the scope of our mandate when we remand for resentencing. See United

States v. Pepper, 570 F.3d 958, 963-64 (8th Cir. 2009), aff'd on this ground, rev'd on other grounds, Pepper, 562 U.S. at 506-07. Even more significantly, when a resentencing is *not* the result of an appellate court remand, "a district court proceeding under § 2255 may vacate the entire sentence so that the district court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." United States v. Parker, 762 F.3d 801, 806 (8th Cir. 2014) (quotation and alterations omitted). Finally, Ticchiarelli was decided in the mandatory guidelines era. Under the advisory guidelines regime now in place, even if Tidwell's 2013 conviction was not a "prior sentence" for purposes of § 4A1.2(a)(1), the district court could "justify an increased sentence by affirmatively identifying relevant conduct or events that occurred subsequent to the original sentencing proceedings." Pepper, 562 U.S. at 504 (quotation omitted).

In conducting the *de novo* resentencing, the district court applied the guidelines in effect at the time of resentencing, not at the time of the original sentencing. This was clearly correct. See 18 U.S.C. § 3553(a)(4)(A)(ii); United States v. Polanco, 53 F.3d 893, 898 (8th Cir. 1995), cert. denied, 518 U.S. 1021 (1996).[3] At that time, Tidwell's 2013 conviction was plainly a "prior sentence," that is, "a sentence imposed prior to sentencing on the instant offense." U.S.S.G. § 4A1.2, comment. (n.1); see United States v. Flowers, 995 F.2d 315, 317 (1st Cir. 1993) (Breyer, J.) ("in calculating criminal history . . . the Guidelines do not focus on *when* the crimes were committed. . . . They make no exception for a prior sentence imposed for a crime that took place *after* the crime currently before the sentencing judge."). Thus, there was no procedural error in counting the 2013 conviction as a prior sentence under § 4A1.2(a)(1).

---

[3]In the 2003 PROTECT Act, Congress enacted 18 U.S.C. § 3742(g)(1), which provides "that when re-sentencing after appellate remand, a district court should apply the Guidelines that were in place prior to the appeal." United States v. Bordon, 421 F.3d 1202, 1205 (11th Cir. 2005). However, this limited exception to § 3553(a)(4) does not apply to a district court's *de novo* resentencing under § 2255.

(2) "When calculating criminal history points, a sentencing court is to consider 'any sentence previously imposed . . . for conduct not part of the instant offense,' defined as conduct other than 'relevant conduct' under U.S.S.G. § 1B1.3." United States v. Pinkin, 675 F.3d 1088, 1090 (8th Cir. 2012), quoting U.S.S.G. § 4A1.2(a)(1) & comment. (n.1). "We review 'prior sentence' and 'relevant conduct' determinations for clear error, remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." United States v. Hernandez, 712 F.3d 407, 409 (8th Cir. 2013) (quotation omitted).

Tidwell argues that the conduct underlying his 2013 conviction was relevant conduct because it "occurred around the same time as the offense of conviction," included drug and related firearm offenses, and nothing in the record "suggests a clear stop date to the conspiracy." But that is not the governing standard. Even when the offense of conviction is a drug conspiracy, and a prior conviction was for a drug-related offense committed *during* the conspiracy period, the question is whether the prior conduct was a "severable, distinct offense," and relevant factors include "temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense." Pinkin, 675 F.3d at 1091 (quotation omitted). Here, the indictment alleged a conspiracy ending "on or about February 7, 2012," the day before it was filed. The Arkansas state offenses were committed on February 16. While there was temporal and presumably geographical proximity, the federal indictment charged Tidwell with four substantive drug distribution counts for conduct occurring between February 2010 and May 2011. This suggests that his February 2012 conduct was severable and distinct. As this 2012 conduct occurred *after* the alleged conspiracy period, it clearly was not "used to prove the instant offense." And as the district court noted, the 2013

conviction involved different drugs and "a time gap." In these circumstances, there was no clear error.[4]

As we conclude the district court committed no procedural sentencing error in counting the 2013 conviction as a "prior sentence" in determining Tidwell's criminal history category, we decline to consider the government's alternative contention that any error was harmless. We affirm the district court's January 12, 2015, judgment.

KELLY, Circuit Judge, dissenting.

The parties in this case negotiated a plea agreement in which they stipulated to a two-level enhancement in Tidwell's offense level "for possessing a dangerous weapon in connection with the offense" pursuant to USSG § 2D1.1(b)(1). According to the government, that enhancement was based on the firearms that were a subject of Tidwell's September 11, 2013, conviction. In other words, in negotiating the plea agreement, the parties intended the firearms and drug trafficking conduct underlying the 2013 conviction to be considered relevant conduct.[5] At resentencing, Tidwell received three criminal history points for the 2013 conviction. At the resentencing hearing, the district court specifically asked the government whether the 2013 conviction was relevant conduct to the offense of conviction. The Assistant United States Attorney who appeared on behalf of the government was filling in for the Assistant United States Attorney who had prosecuted this case, and told the court it was not. But that was not correct.

---

[4]The government's "concession" on appeal was ill-advised, and we give it no consideration. The government ignored the clear error standard of review and our well-established multi-factor standard for analyzing relevant conduct issues.

[5]Tidwell was also convicted of misdemeanor animal cruelty on September 11, 2013. The government submits that this conviction was not contemplated as relevant conduct under the plea agreement, but the district court did not resolve this factual dispute.

The indictment in this case charged a conspiracy that occurred "through February 7, 2012." The 2013 conviction was based on conduct that occurred nine days later, on February 16, 2012, the date on which Tidwell was arrested on the federal charges. The parties expressly negotiated a plea agreement that included relevant conduct occurring after the end date of the conspiracy, which they are free to do. See United States v. Manzano-Huerta, 809 F.3d 440, 444 (8th Cir. 2016) ("Plea agreements are contractual in nature, and are interpreted according to general contract principles.") (quoting Margalli-Olvera v. INS, 43 F.3d 345, 351 (8th Cir. 1994)). "When a guilty plea is induced by an agreement, the government must abide by its terms." United States v. Lovelace, 565 F.3d 1080, 1087 (8th Cir. 2009). To count this conviction for purposes of calculating Tidwell's criminal history category at the resentencing risks violating USSG § 4A1.2(a)(1) and comment. (n. 1). I would accept the parties's agreement on this issue, because I think the record supports it.

The district court considered the proper factors in determining whether the 2013 conviction was relevant conduct, but relied on misinformation in applying them. When the district court granted Tidwell's § 2255 motion and ordered resentencing, it found the previous criminal history error (the one that warranted resentencing in the first instance) was not harmless "because the Court can't say how it would have weighed the information or exactly what sentence it would have imposed." Similarly, I would give the district court the opportunity to decide what sentence it would impose given the correct information about the terms of the original plea agreement regarding relevant conduct. For these reasons, I respectfully dissent.

_____