# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2688

_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Binkholder

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 28, 2018
Filed: November 20, 2018

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Bryan Binkholder defrauded more than a dozen individuals in the St. Louis area through a real estate investment scheme. He pleaded guilty to four counts of wire fraud in violation of 18 U.S.C. § 1343. This is his second appeal of his sentence.

On the first appeal, we affirmed the judgment of the district court[1] with one exception: we remanded the case for an independent determination of whether another participant in the scheme, M.U., should be considered a victim of Binkholder's scheme for purposes of sentencing. See United States v. Binkholder (Binkholder I), 832 F.3d 923, 931 (8th Cir. 2016). On remand, the district court concluded that M.U. was a victim under United States Sentencing Guidelines § 2B1.1. It then resentenced Binkholder. Binkholder appeals the district court's determination under § 2B1.1 and several other issues arising from the resentencing. We affirm.

## I.

M.U.'s status as a victim has been at issue in this case more than once. In 2015, the district court held an evidentiary hearing on whether M.U. was a victim of Binkholder's scheme—if M.U. was a victim, the total loss associated with Binkholder's scheme would result in a greater enhancement to Binkholder's Guidelines offense level. On February 9, 2015, it found that M.U. was not a victim "for sentencing purposes" because, although he may have lost some money due to fraud, he was complicit in Binkholder's scheme. M.U. then asked the district court to recognize him as a victim under the Crime Victims' Rights Act (CVRA), which would allow him restitution. See 18 U.S.C. § 3771. The district court refused, based on its earlier finding that M.U. was not a victim. M.U. filed a petition for a writ of mandamus asking this court to order the district court to recognize him as a victim under the CVRA. We granted M.U.'s petition and directed the district court to vacate its February 9 order and enter an order recognizing M.U. as a victim under the

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

CVRA.[2] The district court did so. At Binkholder's May 15 sentencing, he renewed his argument that M.U. should not be recognized as a victim under Guidelines § 2B1.1.[3] The district court refused based on the writ of mandamus, calculated the Guidelines range using M.U. as a victim under § 2B1.1, and sentenced Binkholder accordingly.

Binkholder appealed. We affirmed all aspects of the district court's judgment except M.U.'s status as a victim. We explained that "the determination of who is a victim under the CVRA is not necessarily dispositive of who is a victim under the Sentencing Guidelines." Binkholder I, 832 F.3d at 929. Because the district court improperly collapsed the two victim status determinations, we remanded the case "so that the district court may determine in the first instance whether M.U. was a victim under the Guidelines and, if necessary, proceed to resentencing." Id. at 930.

On remand, the district court concluded, based on the evidence presented at the 2015 hearing, that M.U. was a victim under § 2B1.1 because (1) M.U.'s money was used to further Binkholder's scheme without M.U.'s knowledge; (2) M.U. sustained an actual loss of more than $1 million; and (3) this court had already determined that M.U. was a victim under "the CVRA's narrower definition of victim." The district court then resentenced Binkholder, using the same version of the Guidelines,

---

[2]The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. § 3771(e)(2)(A).

[3]Section 2B1.1 defines a victim as "any person who sustained any part of the actual loss." USSG § 2B1.1 cmt. n.1. Actual loss is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." Id. cmt. n.3(A)(i).

calculating the same Guidelines range, and imposing the same sentence as it did at the initial sentencing.[4]

## II.

We review the district court's findings regarding an individual's status as a victim under the Guidelines for clear error. See United States v. Maxwell, 778 F.3d 719, 734 (8th Cir. 2015). "Under clear error review, we ask whether we have a definite and firm conviction that the district court has committed a mistake." United States v. Brandriet, 840 F.3d 558, 561 (8th Cir. 2016) (per curiam).

In Binkholder I, when we explained that "the determination of who is a victim under the CVRA is not necessarily dispositive of who is a victim under the Sentencing Guidelines," we clarified that "[b]ecause these two inquiries are distinct, the court was required to make two separate determinations: M.U.'s victim status under the CVRA (for the purpose of protecting M.U.'s rights and determining restitution), and M.U.'s victim status under the Guidelines (for the purpose of calculating the loss associated with Binkholder's offense to determine the total offense level and, ultimately, the appropriate sentence)." 832 F.3d at 929–30. Contrary to the district court's reading, we did not describe the CVRA definition of victim as "narrower" than the Guidelines definition. Nevertheless, we do not believe that the district court's ultimate determination—that M.U. is a victim under the Guidelines—was erroneous. Guidelines § 2B1.1 defines a victim as "any person who sustained any part of" the "reasonably foreseeable pecuniary harm that resulted from the offense." The district court found that M.U. sustained a monetary loss because

---

[4]The amount of restitution ordered on resentencing was slightly different from the amount ordered at the original sentencing for reasons unrelated to M.U.'s victim status.

of Binkholder's scheme. Those factual findings are not clearly erroneous, and they support the conclusion that M.U. was a victim under § 2B1.1.

## III.

Binkholder also challenges the constitutionality of 18 U.S.C. § 3742(g)(1). This statute requires district courts, when resentencing after remand from a direct appeal, to use the version of the Guidelines that was "in effect on the date of the previous sentencing of the defendant prior to the appeal." The district court, following § 3742(g)(1), applied the 2014 Guidelines on resentencing. Binkholder would have preferred the application of the more favorable 2016 Guidelines, which had gone into effect by that time. He points to the Guidelines' general instruction in § 1B1.11(a) to "use the Guidelines Manual in effect on the date that the defendant is sentenced." He contends that § 3742(g)(1) is an irrational exception to the general rule of § 1B1.11(a) and that its differential treatment of defendants who are resentenced violates the Equal Protection Clause of the United States Constitution.

We review the constitutionality of a statute de novo. See United States v. DeMarce, 564 F.3d 989, 1000 (8th Cir. 2009). Where, as here, the statute is challenged on equal protection grounds, we review for a rational basis, see id., and we uphold the statute "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Walker v. Hartford Life & Accident Ins. Co., 831 F.3d 968, 976 (8th Cir. 2016) (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993)).

Here, § 3742(g)(1) and § 1B1.11(a) may be read in concert to accomplish a single, rational goal: to make sure that defendants are sentenced under the version of the Guidelines in effect on the date of their *original sentencing*. Accord United States

-5-

v. Taylor, 648 F.3d 417, 424 (6th Cir. 2011).[5] Thus, defendants who receive an erroneous sentence and successfully appeal are returned to the position they would have been in had they been correctly sentenced the first time around. But they do not receive the unwarranted benefit of a favorable change in the Guidelines—unless the change was made retroactive, in which case it would be available to all defendants regardless of the outcome of a direct appeal. See United States v. Walker, 818 F.3d 416, 424 (8th Cir. 2016). The district court's application of the version of the Guidelines in effect at the time of Binkholder's original sentencing did not violate the Constitution.

## IV.

Binkholder attempts to raise two other issues concerning his resentencing: the award of restitution to M.U. and the substantive reasonableness of the sentence. Because both of these issues arose in his original sentencing and could have been presented in his initial appeal, he cannot raise them now. See Macheca Transp. Co. v. Phila. Indem. Ins. Co., 737 F.3d 1188, 1194 (8th Cir. 2013) ("For over one hundred years, our court has repeatedly barred parties from litigating issues in a second appeal following remand that could have been presented in the first appeal."); United States v. McKinley, 227 F.3d 716, 718–19 (6th Cir. 2000) (applying the same rule in a second appeal of a criminal case following remand and resentencing).

---

[5]There is one discrepancy within this otherwise uniform sentencing scheme. This court has held that when resentencing a defendant under 28 U.S.C. § 2255, a district court should apply "the guidelines in effect at the time of resentencing, not at the time of the original sentencing." United States v. Tidwell, 827 F.3d 761, 764 (8th Cir. 2016). The rationale for this rule, according to Tidwell, is that a resentencing under § 2255 is de novo, unlike a resentencing on remand from a direct appeal. Id. at 764 & n.3. No other circuit has addressed this issue. And we need not address it here, as any irrationality would only call into question Tidwell's rule, not the statutory scheme that Binkholder challenges.

Accordingly, the judgment of the district court is affirmed.

_____