KELLY, Circuit Judge, dissenting.
 

 Today, the court leaves in place a sentence that all agree is unlawful; the statutory maximum sentence on Smith's ACCA count is 120 months' imprisonment, yet Smith received a sentence of 220 months. To do so, the court relies on the concurrent sentence doctrine. In my view, that doctrine is inapplicable here, so I respectfully dissent.
 

 Because Smith's § 2255 petition was successful on the merits, the district court could invoke the concurrent sentence doctrine to deny the petition only if a ruling in Smith's favor "would not reduce the time he is required to serve or otherwise prejudice him in any way."
 
 Eason
 
 ,
 
 912 F.3d at 1123
 
 (cleaned up). But it is possible that a ruling in Smith's favor would reduce the time he is required to serve. "[A] district court proceeding under § 2255 may vacate the entire sentence so that the district court can reconfigure the sentencing plan to satisfy the sentencing factors in
 
 18 U.S.C. § 3553
 
 (a)."
 
 United States v. Tidwell
 
 ,
 
 827 F.3d 761
 
 , 764 (8th Cir. 2016) (cleaned up). The current version of the Guidelines would apply upon resentencing.
 
 See
 

 id.
 

 at 764 & n.3 (explaining that when resentencing a defendant under § 2255, a district court must apply "the guidelines in effect at the time of the resentencing, not at the time of the original sentencing").
 

 Under the current Guidelines, Smith would not qualify for a career offender enhancement on Count 1, yielding a recommended Guidelines range significantly lower than the range applicable at his original sentencing.
 
 [2]
 
 Smith received a 140-month
 downward variance at his original sentencing; to reimpose the same term of imprisonment upon resentencing would likely require the district court to vary upwards, a variance that might prove difficult to justify.
 

 United States v. Fletcher
 
 provides a useful illustration. Fletcher filed a meritorious § 2255 petition challenging the ACCA enhancement on one count of conviction; the district court denied the petition based on the concurrent sentence doctrine. Order at 3-4,
 
 United States v. Fletcher
 
 , No. 11-cr-193 (D. Minn. May 9, 2016), ECF No. 65. On appeal, we granted the government's motion to vacate the judgment, as the government noted that Fletcher's sentence would exceed the recommended Guidelines range under the current version of the Guidelines and therefore application of the concurrent sentencing doctrine was "questionable."
 
 See
 

 United States v. Fletcher
 
 , No. 16-3025 (8th Cir. 2017). On remand, the district court reduced Fletcher's overall sentence by 80 months.
 
 See
 
 Resentencing Judgment, No. 11-cr-193 (D. Minn. July 27, 2017), ECF No. 90.
 

 As the court acknowledges, Smith's ACCA sentence is no longer valid. As a result, I would vacate it. And because it is possible for the district court to sentence Smith to a shorter term of imprisonment, I would remand the case to the district court for resentencing.
 

 The current Guidelines omit the residual clause that originally allowed for the career offender enhancement. Based on the district court's original non-career offender calculations of a total offense level of 30 and a criminal history category of IV, I estimate a new Guidelines range (including the mandatory consecutive 60-month sentence for Count 2) of 195 to 228 months, as compared to Smith's original Guidelines range of 420 months to life. Of course, other changes to the Guidelines since Smith's original conviction could result in a different base offense level or criminal history category.