# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3411

_____

United States of America

*Plaintiff - Appellee*

v.

Patricia Gayle Lewis-Zubkin, also known as Pat Watts, also known as Pat Zubkin, also known as Pat Lewis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: September 25, 2018
Filed: November 6, 2018
[Published]

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Patricia Gayle Lewis-Zubkin pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. She appeals the

district court's[1] imposition of a two-level sentencing enhancement under USSG § 2D1.1(b)(2), which applies if the defendant "used violence, made a credible threat to use violence, or directed the use of violence."

In several intercepted phone calls, Lewis-Zubkin stated that two of her co-conspirators, James Suggs and Dammon Charlton, were working with law enforcement and needed to be assaulted. At one point she said that Suggs should have the life beat out of him and that she would like to see Charlton at least get his front teeth knocked out. She later paid another co-conspirator $100 to carry out the assaults. When days passed without the attacks taking place, Lewis-Zubkin demanded the return of her $100 and said she had found someone else to do the job. At sentencing, Lewis-Zubkin did not contest any of these facts but argued they were insufficient to show her threats were credible.

We find no clear error in the district court's application of the § 2D1.1(b)(2) enhancement. See United States v. Kirk Tang Yuk, 885 F.3d 57, 82–83 (2d Cir. 2018) (concluding it was not clear error for the district court to construe defendant's comments that referenced "driving a car over" another individual as credible threats, even if "the statements in question could be interpreted as innocent hyperbole"); United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010) (standard of review). The district court correctly noted that the enhancement applies regardless of whether the threatened violence is ultimately carried out. Cf. United States v. Sykes, 854 F.3d 457, 461 (8th Cir.), cert. denied, 138 S. Ct. 346 (2017).[2]

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

[2]In a passing remark during sentencing, the district court referred to Lewis-Zubkin as bearing the burden of proof. The district court did not repeat this error and the uncontested facts establish that the government showed that the enhancement applied by a preponderance of the evidence. See United States v. Pepper, 747 F.3d 520, 523 (8th Cir. 2014) (burden of proof).

The judgment of the district court is affirmed.

_____