**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-4541**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DARNELL SEAGERS, a/k/a Bam, a/k/a Bam Bam,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:18-cr-00937-RMG-1)

_____

Submitted: August 2, 2021                  Decided: September 22, 2021

_____

Before DIAZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James Perry Craig, Columbia, South Carolina, for Appellant. M. Rhett DeHart, Acting United States Attorney, Columbia, South Carolina, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darnell Seagers appeals his drug and firearm convictions, entered following a bench trial, and his resulting 240-month prison sentence.  On appeal, he challenges the denial of his motion to suppress and asserts that his sentencing enhancements for his leadership role and making credible threats were erroneous.  We affirm.

Seagers first challenges the search of the bedroom in the house where he was arrested.  The district court concluded that Seagers consented to the search when he requested that officers retrieve clothes for him to wear.  On appeal, Seagers asserts that he did not consent voluntarily because he had no choice but to consent given his lack of clothing when he was arrested.[1]

We review a district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo.  *United States v. Hampton,* 628 F.3d 654, 658 (4th Cir. 2010).  We construe the evidence in the light most favorable to the prevailing party below.  *United States v. Uzenski*, 434 F.3d 690, 704 (4th Cir. 2006).  Moreover, we grant "the highest degree of appellate deference" to a district court's credibility determinations. *Teleguz v. Zook*, 806 F.3d 803, 811 (4th Cir. 2015) (cleaned up).

The Fourth Amendment protects citizens against unreasonable searches and seizures, U.S. Const. amend. IV, and it is well settled "that a search conducted without a warrant issued upon probable cause is per se unreasonable subject to only a few specifically established and well-delineated exceptions."  *Schneckloth v. Bustamonte*, 412 U.S. 218,

_____

[1] Seagers was arrested clad only in underwear.

2

219 (1973) (internal quotations omitted). One exception to the warrant requirement is a search to which the defendant consented. *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996). In determining whether consent to search was freely and voluntarily given, a court is to consider the totality of the circumstances, including the characteristics of the accused and the conditions under which the consent to search was given. *Id.* at 650; *Schneckloth*, 412 U.S. at 227, 248–49.

Here, the district court found that Seagers asked the officers to obtain clothing for him and directed them to the bedroom where the clothing could be found.[2] In so finding, the district court determined that the officers' testimony was credible while Seagers's was not, and we owe this finding substantial deference. This search therefore falls within the consent exception to the warrant requirement. Moreover, in the district court, Seagers did not allege that his consent was involuntary. Instead, he testified that he never gave consent. As such, there was no evidence before the court on which to base the ruling Seagers now seeks. Because Seagers has presented no evidence, much less compelling evidence, to overcome the deference due the district court, we conclude that the district court did not err in denying the motion to suppress.

Next, Seagers asserts that the district court improperly enhanced his sentence four levels under U.S. Sentencing Guidelines Manual § 3B1.1 because the record contained no evidence of Seagers' "control" of others in the drug organization. In determining whether

---

[2] In his reply brief, Seagers untimely raises the argument that the firearm was not in plain view. However, the district court's finding that the firearm was in plain view was based on a credibility determination, and this finding is entitled to great deference.

a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo. *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011) (recognizing that a district court's determination that a defendant was an organizer or leader is a factual finding reviewed for clear error).

A defendant qualifies for a four-level enhancement if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). Factors distinguishing a leadership or organization role from lesser roles include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG § 3B1.1 cmt. n.4.

Trial witnesses testified that Seagers controlled the actions of other participants by arranging the logistics of the drug sales and dictating the terms of sale. He also cooked crack cocaine for others to sell. In addition, the presentence report stated that Seagers directed others to commit violence on his behalf. Seagers also exercised authority in the organization by collecting the money from sales and profiting off sales made by others.

We have "affirmed the application of the leadership enhancement [where] there was evidence that the defendants actually exercised authority over the other participants in the operation or actively directed its activities." *United States v. Cameron*, 573 F.3d 179, 185 (4th Cir. 2009). Given Seagers's control over other participants in the organization, his

participation in the planning of the drug transactions, his exercise of decision-making authority, and his higher share of the profits, the district court did not clearly err in applying a four-level enhancement under USSG § 3B1.1(a). Notably, Seagers does not directly address the evidence supporting the enhancement and argues only in a conclusory manner that it was insufficient. As such, we affirm the application of this enhancement.

Finally, Seagers asserts that the district court erred in applying the USSG § 4B1.1(b)(2) enhancement for making credible threats to use violence. Specifically, Seagers contends that the threats were not "credible" because (1) no action was taken toward harming anyone and (2) there was no corroborating evidence that any threats had actually been made.

A two-level sentencing enhancement under USSG § 2D1.1(b)(2) applies if the defendant "used violence, made a credible threat to use violence, or directed the use of violence." Trial witnesses testified that Seagers threatened potential witnesses, attempted to bribe a witness not to appear, and sought to hire someone to kill potential witnesses. While Seagers challenges the credibility of the witnesses, he presents no evidence showing that the district court's explicit credibility finding should be overturned. Moreover, the fact that Seagers did not carry out the threats does not prohibit the district court from finding that the threats were credible. *See United States v. Lewis-Zubkin,* 907 F.3d 1103, 1104 (8th Cir. 2018) (upholding enhancement where threatened violence did not take place); *United States v. Kirk Tang Yuk*, 885 F.3d 57, 82–83 (2d Cir. 2018) (concluding it was not clear error for the district court to construe defendant's comments that referenced

"driving a car over" another individual as credible threats, even if "the statements in question could be interpreted as innocent hyperbole").

As such, we affirm Seagers's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*