# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2358

_____

United States of America,            *

                            *

         Appellee,        *

                            *   Appeal from the United States

     v.                *   District Court for the Western

                            *   District of Missouri.

Myron Westley Shackelford,     *

                            *        [PUBLISHED]

         Appellant.       *

_____

Submitted: March 13, 2006
Filed: September 5, 2006

_____

Before ARNOLD, JOHN R. GIBSON, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Myron Shackelford pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district judge[1] imposed a four-level enhancement for using or possessing a firearm in connection with another felony, *see* U.S.S.G. § 2K2.1(b)(5), namely threatening another person with a firearm, *see* Mo. Rev. Stat. § 571.030.1(4). Mr. Shackelford challenges the enhancement, asserting that the evidence supporting it was insufficient. We affirm.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

At Mr. Shackelford's sentencing hearing, he renewed his written objections to the sections of his presentence report (PSR) that indicated that one of the firearms that he had pleaded guilty to possessing had been used or possessed in connection with another felony. The PSR stated that Mr. Shackelford had pointed the gun at his brother, Dennis, in a threatening manner. In response to Mr. Shackelford's objections, Officer Mike Rodgers of the Missouri State Highway Patrol took the stand. Officer Rodgers, a member of a Bureau of Alcohol, Tobacco and Firearms task force, testified that while gathering information for the § 922(g)(1) charge against Mr. Shackelford, he obtained evidence from the Texas County Sheriff's Department regarding the alleged brandishing incident. He discussed the case with the primary investigating officer, Deputy Matt Thompson, on two occasions and reviewed Deputy Thompson's report of the occurrence. Based on that information, Officer Rodgers testified that when law enforcement officers arrived at the Shackelford residence in response to a domestic disturbance call, Dennis said that he had slammed a bedroom door on his brother's fingers and that afterward Mr. Shackelford had retrieved a firearm from his bedroom and pointed it at him. According to Officer Rodgers, Mr. Shackelford's statements to Deputy Thompson corroborated Dennis's account.

Although both brothers were apparently intoxicated during the alleged confrontation and while talking with police, and even though some of Officer Rodgers's testimony may have been double hearsay, the district court determined that the accounts of Mr. Shackelford pointing his gun at his brother were sufficiently reliable to support an enhancement to Mr. Shackelford's sentence. Mr. Shackelford challenges that determination.

Hearsay evidence, even double hearsay, can be used at sentencing proceedings if it bears " 'sufficient indicia of reliability to support its probable accuracy,' " *United States v. Wise*, 976 F.2d 393, 402 (8th Cir. 1992), *cert. denied*, 507 U.S. 989 (1993) (quoting U.S.S.G. § 6A1.3(a)). Here, the brothers' statements about the part each of them played in the incident were statements against their penal interests, which places

the statements within an exception to the hearsay rule.  *See* Fed R. Evid. 804(b)(3). In addition, what they told the police about the occurrence may well have qualified as excited utterances made without the opportunity for reflection, another hearsay exception.  *See* Fed. R. Evid. 803(2).  The fact that the brothers' statements qualified for at least one exception from the hearsay rule renders them more reliable than they otherwise would have been.  In addition, the brothers independently provided the police with consistent accounts of Mr. Shackelford pointing a gun at Dennis. Furthermore, nearly all of Officer Rodgers's testimony about what Deputy Thompson told him is corroborated by the deputy's report.  We have no reason to believe that Officer Rodgers would have been mistaken about the contents of Deputy Thompson's report or misrepresented it, or that the deputy would have inaccurately conveyed the brothers' statements to Officer Rodgers in their conversations.  Given these circumstances, we hold that Officer Rodgers's testimony about Mr. Shackelford pointing the firearm at his brother bore sufficient indicia of reliability to support its use in Mr. Shackelford's sentencing.

Affirmed.

_____