# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 09-1794

————————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Randy E. Woods, | * |
| | * |
| Appellant. | * |

————————

Submitted: November 16, 2009
Filed: March 3, 2010

————————

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

————————

RILEY, Circuit Judge.

Randy E. Woods appeals his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After Woods pled guilty to the crime, the district court[1] found Woods possessed the firearm in connection with another felony offense. The district court imposed a sentencing enhancement and denied Woods a reduction for acceptance of responsibility because Woods denied the additional relevant conduct. We affirm.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

# I. BACKGROUND

In the dark hours of May 24, 2008, Deputy Sheriff Brannum (Deputy Brannum) of the Carter County, Missouri, Sheriff's Department knocked on the door of Woods's home, to arrest Woods for probation violations. Woods did not answer his door, and after other attempts to contact Woods, Deputy Brannum resorted to surveillance. After midnight, Deputy Brannum saw two people exit the residence and drive away in a car. The deputy stopped the car and questioned the driver, Janet Burlbaugh. Burlbaugh told Deputy Brannum she was Woods's ex-girlfriend, she was inside the house when Deputy Brannum arrived, and upon Deputy Brannum's appearance, Woods turned off the lights, moved Burlbaugh to the back of the house, and told her to stay quiet.

Agent John Taylor (Agent Taylor) of the Bureau of Alcohol, Tobacco, and Firearms later interviewed both Deputy Brannum and Burlbaugh. Agent Taylor testified Burlbaugh told him, after Woods turned the lights off, "given the lighting, she could observe that [Woods] was, what appeared to her to be, manipulating a firearm as if assembling or loading it." Burlbaugh reported Woods stated "something to the effect that [Woods] was wanted and he didn't have any intention of going back to prison" and "it would be a shootout of some sort."

There was no shootout. Woods ignored further knocks on his door and calls to his cellular telephone, but hours later Woods called, negotiated with, and surrendered himself to the Carter County Sheriff. With Woods's permission, deputies searched his home and found a loaded Herbert Schmidt .22 caliber revolver (gun) and a box of ammunition hidden in an airduct in a bathroom. Deputy Brannum asked Woods about the gun in an interview shortly after his arrest. According to Agent Taylor, Woods told Deputy Brannum "he did not want to go back to prison and had intended to shoot anyone trying to arrest him or be killed in the process." Deputy Brannum told Agent Taylor that inside Woods's home the "furniture had been rearranged, upended, such as would appear to create barricades between . . . the front door and [Woods]."

A grand jury returned a one-count indictment against Woods on the charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Although Woods repeatedly admitted possessing the gun, he initially pled not guilty to the charge of the indictment. Woods did not change his plea until the first day of trial, when he entered a plea pursuant to North Carolina v. Alford, 400 U.S. 25, 37 (1970) (allowing a defendant to plead guilty without admitting guilt by acknowledging the government's evidence is sufficient to obtain a conviction).

The United States Probation Office prepared a presentence investigation report (PSR). Woods's base offense level under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) was 24. See U.S.S.G. § 2K2.1(a)(2). The probation officer recommended a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) because Woods used or possessed the gun with intent to use it in connection with another felony offense—assault on a law enforcement officer—and recommended Woods receive no adjustment for acceptance of responsibility. Based upon Woods's total offense level of 28, his criminal history category of IV, and the fact the statutory maximum for the offense was 120 months, Woods's advisory Guidelines range was 110 to 120 months imprisonment.

At sentencing, Woods argued Burlbaugh's statement was unreliable hearsay, Woods accepted responsibility, and Woods's criminal history category was overstated. The district court rejected Woods's arguments, adopted the PSR's factual statements and Guidelines calculations, and sentenced Woods to 110 months imprisonment, to be served consecutive to any state sentence imposed for Woods's probation violations, and two years supervised release.

## II.    DISCUSSION

Woods appeals his sentence, arguing the district court erred in (1) finding he possessed a firearm in connection with another felony based upon unreliable hearsay, (2) refusing to reduce his offense level to reflect his acceptance of responsibility under

-3-

U.S.S.G. § 3E1.1, and (3) failing to grant a downward departure[2] based on Woods's suggestion his criminal history category was overstated. "We review a district court's interpretation and application of the [G]uidelines de novo and its factual findings regarding enhancements for clear error." United States v. Pate, 518 F.3d 972, 975 (8th Cir. 2008) (quoting United States v. Aguilar, 512 F.3d 485, 487 (8th Cir. 2008)).

Woods contends the district court erred when it found Woods used the gun in connection with another felony based on Burlbaugh's unreliable hearsay statements as reported by Agent Taylor. At sentencing, a district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). In other words, relevant hearsay testimony may be considered if sufficiently reliable reasons demonstrate the testimony is probably accurate. See United States v. Sharpfish, 408 F.3d 507, 511 (8th Cir. 2005). "The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case, and is committed to the sound discretion of the district court." United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) (internal citation omitted).

Woods asserts the district court should not have believed Burlbaugh when she said Woods had a firearm and threatened a shootout with police. Woods contends (1) Burlbaugh is incredible because she is Woods's ex-girlfriend, (2) Agent Taylor did not know whether Burlbaugh was on parole or probation, (3) Agent Taylor did not

---

[2]At sentencing, Woods requested a downward departure under U.S.S.G. § 4A1.3(b)(1), and argues the district court erred in not granting such a departure on appeal, but in a point heading in his brief preceding his argument for a departure, Woods states the court erred in failing to grant a downward *variance*. This minimal, vague reference is insufficient to raise the variance issue, which we hereby consider waived. See Gebresadik v. Gonzales, 491 F.3d 846, 851 n.6 (8th Cir. 2007) (explaining arguments not briefed on appeal are waived).

know anything about Burlbaugh's criminal history, and (4) Burlbaugh's statements that the lights were off and that she could see Woods manipulating a firearm contradict each other. Woods concludes by arguing "unreliable allegations such as Burlbaugh's do not have sufficient indicia of reliability to support their probable accuracy."

The record contains abundant evidence Burlbaugh's statements were probably accurate. Agent Taylor's hearsay statements are corroborated by the fact the deputies observed Burlbaugh leaving Woods's house in the middle of the night, by the presence of the gun in Woods's house, by Deputy Brannum's finding the furniture in Woods's house arrayed in a defensive formation, and by Woods's separate confession to Deputy Brannum that he intended to shoot anyone trying to arrest him.[3] On this record, the district court did not abuse its discretion in finding Burlbaugh's statements to Agent Taylor were probably accurate and in allowing Agent Taylor's hearsay testimony.

Agent Taylor's credibility was also at issue during Woods's sentencing hearing, and the district court necessarily found Agent Taylor credible. "A district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility." United States v. Wahlstrom, 588 F.3d 538, 542 (8th Cir. 2009) (quoting United States v. Killingsworth, 413 F.3d 760, 763 (8th Cir. 2005)). The district court did not clearly err in finding Agent Taylor credible, or in finding Woods possessed the gun with an intent to use the weapon in connection with another felony, assaulting a law enforcement officer.

The district court also found Woods ineligible for a sentence reduction based upon acceptance of responsibility. Although Woods early admitted he possessed the gun, he waited until the first day of trial before changing his plea and then entered an

---

[3]Woods did not question the probable accuracy of Deputy Brannum's statements to Agent Woods at sentencing. To the extent he does so on appeal, we find no plain error. See United States v. Linderman, 587 F.3d 896, 899 (8th Cir. 2009) (citing Fed. R. Crim. P. 52(b)) (standard of review).

Alford plea.  The district court found Woods falsely denied relevant offense conduct, based on the court's finding Woods possessed the gun with intent to use it to assault law enforcement officers.  Our review of the record reveals no clear error in the district court's findings.

Lastly, Woods faults the district court for failing to grant a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), because of Woods's assertedly overstated criminal history.  "[W]e have no authority to review the district court's denial of [Woods's] request for a downward departure because [Woods] does not argue that the court had an unconstitutional motive in denying his request and because the court recognized that it had the authority to depart downward."  United States v. Anderson, 570 F.3d 1025, 1034 (8th Cir. 2009) (citing United States v. Saddler, 538 F.3d 879, 889-90 (8th Cir.), cert. denied, 129 S. Ct. 770 (2008)).  To the extent Woods's same arguments could be applied to a variance, we do not perceive any abuse of discretion by the district court. See Gall v. United States, 552 U.S. 38, 46 (2007) (standard of review).

## III.    CONCLUSION
We affirm Woods's sentence.

_____