# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2042

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western District |
| | * | of Missouri. |
| Ronald K. Williams, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: January 14, 2011
Filed: April 18, 2011

———————

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Ronald Williams appeals from his sentence of 84 months imprisonment following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Williams argues that the district court[1] erred in imposing a four-level enhancement under United States Sentencing Commission, Guidelines Manual, §2K2.1(b)(6) because the evidence submitted at sentencing to show he used a firearm to commit another felony offense was unreliable. We affirm.

---

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

The only evidence presented at sentencing was the testimony of Officer James Muhlbauer, the officer who responded to a reported disturbance involving a person armed with a gun. Officer Muhlbauer testified that after he arrived on the scene, two witnesses told him that Williams had struck them with a gun after an argument had ensued between the three parties. Officer Muhlbauer also testified that he observed "abrasions and blood on the side of [one of the witness's] face." The district court found this testimony credible and concluded that because Williams committed an assault under Missouri law with a firearm, application of the four-level enhancement under U.S.S.G. §2K2.1(b)(6) was proper.

Williams argues on appeal that the district court should not have relied on Officer Muhlbauer's testimony because it was based on hearsay statements from the two witnesses. We review the district court's factual findings for clear error. United States v. Elk, 632 F.3d 455, 458 (8th Cir. 2011).

A district court can rely on hearsay testimony at sentencing so long as sufficiently reliable reasons demonstrate that the testimony is probably accurate. United States v. Woods, 596 F.3d 445, 447-48 (8th Cir. 2010). "The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case, and is committed to the sound discretion of the district court." Id. at 448 (quoting United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993)). Here, the record indicates that the statements of the two witnesses to Officer Muhlbauer were probably accurate. When Officer Muhlbauer arrived on the scene, the parties were still visibly upset with each other, and Officer Muhlbauer noticed an abrasion on the side of one of the witness's face. The accounts provided by both witnesses were consistent with each other, and Williams did not introduce any evidence that would contradict those accounts. On this record, the district court did not err when it relied on the hearsay statements from the two witnesses, and we affirm the sentence imposed by the district court.

_____