# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3650

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Jabbar White

*Defendant - Appellant*

_____

No. 12-3891

_____

United States of America

*Plaintiff - Appellee*

v.

Lendale Henry Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 10, 2013
Filed: July 1, 2013
[Unpublished]

_____

Before LOKEN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Lendale Henry Thomas and Maurice Jabbar White appeal the denial of their motions to reduce their sentences. We affirm.

Thomas and White were members of the criminal "Rolling 30s Bloods" ("RTB") street gang.[1] The RTB sold drugs in South Minneapolis twenty-four hours a day, seven days a week, between 1992 and 2007, distributing at least 50 kilograms of cocaine base during that time.

In 2007, the government charged Thomas, White, and ten other co-defendants with conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Thomas and White entered into separate plea agreements in which each admitted to conspiring to distribute between 1.5 and 4.5 kilograms of cocaine base, which corresponded at the time to a base offense level of 36. The district court[2] sentenced White to 152 months and Thomas to 195 months of incarceration.

_____

[1] White was a member of the RTB from 1991 to 2005. Thomas was a member from 1991 to 2007.

[2] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

-2-

In 2010, the United States Sentencing Guidelines (U.S.S.G.) applicable to cocaine base were amended such that the range of 1.5 to 4.5 kilograms now spans two offense levels. Under the amendment, being responsible for between 840 grams and 2.8 kilograms of cocaine base corresponds to a base offense level of 34. U.S.S.G. § 2D1.1(c)(2). Also, being responsible for 2.8 to 8.4 kilograms corresponds to a base offense level of 36. Id. § 2D1.1(c)(3).

Thomas and White each moved for a reduction of their respective sentences pursuant to 18 U.S.C. § 3582(c), asserting their appropriate base offense level would now be 34 because of each having been responsible for less than 2.8 kilograms of cocaine base. Based in part on findings of fact made after the trial of one of their co-defendants, the district court determined Thomas and White had each been responsible for more than 2.8 kilograms of cocaine base and denied the motions. They each appealed.

On appeal, Thomas and White contend the district court erred in relying on the findings from their co-defendant's trial. "At sentencing, a district court 'may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" United States v. Woods, 596 F.3d 445, 447-48 (8th Cir. 2010) (quoting U.S.S.G. § 6A1.3(a)). Whether "evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case, and is committed to the sound discretion of the district court." Id. at 48 (quoting United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993)). We find nothing in the record to indicate the district court abused its discretion in considering the findings of fact from the co-defendant's trial.

Thomas and White further contend the district court erred in finding each of them responsible for more than 2.8 kilograms of cocaine base. Reviewing the determination of drug quantity for clear error, United States v. Gonzalez-Rodriguez,

239 F.3d 948, 953 (8th Cir. 2001), we find none. The drug quantity attributable to a conspirator includes amounts which are reasonably foreseeable actions of other co-conspirators in furtherance of the conspiracy. U.S.S.G. § 1B1.3. Thomas and White were members of the RTB for over a decade during the period of around-the-clock drug sales in which its members distributed more than 50 kilograms of cocaine base. The district court did not clearly err in finding it was reasonably foreseeable that members of the RTB would possess at least 2.8 kilograms of cocaine base in furtherance of the conspiracy.

The judgment of the district court is affirmed.

_____