# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3625
_____

United States of America

*Plaintiff - Appellee*

v.

Alvaro Vite

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: September 18, 2023
Filed: November 16, 2023
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] increased Alvaro Vite's sentence after finding, based in part on the grand-jury testimony of a co-defendant, that he had fired at a house with people inside. Although Vite believes he should receive a new sentence, we affirm.

_____

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

I.

After the shooting, Alvaro Vite pleaded guilty to being a drug user in possession of a firearm. *See* 18 U.S.C. § 922(g)(3). The getaway driver was set to testify at Vite's sentencing hearing but changed his mind, so the district court relied on his grand-jury testimony instead. Then, based on all the evidence, the court found that Vite was the shooter and varied upward to reflect this "aggravating" fact. The three issues in this appeal revolve, at least to some degree, around that finding.

II.

First, the getaway driver's grand-jury testimony. No one disputes it was hearsay, but the district court could still rely on it at sentencing if it had "sufficient indicia of reliability." U.S.S.G. § 6A1.3(a); *see also United States v. Harris*, 44 F.4th 819, 822 (8th Cir. 2022). The task of assessing reliability is a fact-intensive one "committed to the sound discretion of the district court." *United States v. Ngombwa*, 893 F.3d 546, 557 (8th Cir. 2018) (citation omitted). Relevant factors include "the consistency of the hearsay testimony, the timing and nature of the declarant's statements, . . . as well as other corroborating evidence." *United States v. Sheridan*, 859 F.3d 579, 583 (8th Cir. 2017).

The district court considered these factors carefully. Although it expressed some "concern[]" over the getaway driver's refusal to testify despite "being directed to do so," it still concluded that his grand-jury testimony was "entitled to . . . some weight" because it contained multiple statements against his interest. *See United States v. Shackelford*, 462 F.3d 794, 796 (8th Cir. 2006). Not to mention that the physical evidence, video footage, and earlier statements he made to a police investigator corroborated what he said "under oath" to the grand jury. *United States v. Cross*, 888 F.3d 985, 993 (8th Cir. 2018) (explaining that testimony "given under oath" is reliable enough to use at sentencing (citation omitted)); *see Ngombwa*, 893

F.3d at 557 (discussing what qualifies as corroboration). We cannot say, given these circumstances, that the court abused its discretion.[2]

## III.

Second, there was sufficient evidence supporting the district court's finding that Vite was the shooter. According to the getaway driver, only Vite had a 9mm Ruger pistol with him that night. And shortly after Vite and an accomplice headed toward the house, the driver heard multiple gunshots and then saw the two men running back to the car.

There was more. An officer who viewed home-security footage thought that one of the two men depicted was Vite. But what may have been most incriminating was Vite's connection to the 9mm Ruger pistol, which was the same caliber as the shell casings found at the scene. When officers arrested him several days later, he had a loaded magazine and a box for it in his backpack. And his roommate, whom officers also arrested, had the gun. This evidence was sufficient to find that Vite was the shooter. *See United States v. Kempter*, 29 F.4th 960, 966 (8th Cir. 2022) (explaining that district courts "may rely on facts proved by a preponderance of the evidence" at sentencing, and we review any factfinding for clear error).

## IV.

Third, Vite's 72-month sentence, which reflected an upward variance from the recommended range of 37 to 46 months, is substantively reasonable. *See United States v. Ridings*, 75 F.4th 902, 907 (8th Cir. 2023) (reviewing the reasonableness of a sentence, "including an upward variance," for an abuse of discretion). The district court sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of

---

[2]To the extent Vite complains that he never had a chance to cross-examine the getaway driver, he had no right to do so. *See Cross*, 888 F.3d at 993 ("[T]he Confrontation Clause does not apply at sentencing hearings." (citation omitted)).

judgment.  The court also explained why it decided to vary upward: he had shot "at an occupied house," which was "aggravating" and posed a danger to the public.  *See id.* § 3553(a)(2)(C).  We cannot say it abused its discretion by placing significant weight on this fact.  *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009).

V.

We accordingly affirm the judgment of the district court.

_____