# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-2317

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Gibson

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: January 8, 2024
Filed: February 26, 2024
[Unpublished]

——————————

Before SMITH, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

James Gibson pursued Mariyah Jackson in a high-speed car chase through the streets of Little Rock, Arkansas. During the chase, Jackson called 911, reporting that her ex-boyfriend Gibson was following her and trying to run her off the road. The dispatcher directed Jackson to drive to the Little Rock Police Department ("LRPD") Northwest Substation. Gibson followed her, and officers met them there.

Jackson told police that Gibson had pointed a brown gun out his car window at her and fired one round. Officers arrested Gibson, and a search of his vehicle led to the discovery of a brown 9-millimeter Bersa handgun with a fully loaded magazine located in a pocket in the back seat.

A federal grand jury indicted Gibson on one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Gibson pleaded guilty without a plea agreement. Following Gibson's change-of-plea hearing, the probation office prepared a Presentence Investigation Report ("PSR"). The PSR calculated Gibson's total offense level as 16, including a 4-level enhancement for "us[ing] or possess[ing] [a] firearm . . . in connection with another felony offense" pursuant to U.S.S.G. § 2K2.1(b)(6)(B). At sentencing, Gibson objected to the § 2K2.1(b)(6)(B) enhancement and the related facts within the PSR, arguing that no factual basis existed for the enhancement. The district court[1] heard evidence, overruled his objection, adopted the PSR, and granted the Government's motion to subtract an additional point for acceptance of responsibility, calculating a total offense level of 15 and a criminal history category of III. The court determined that the advisory sentencing guidelines range was 24 to 30 months but varied upward to impose a 42-month sentence based on Gibson's offense conduct. Gibson now appeals, raising three arguments.

First, we address Gibson's argument that the district court procedurally erred in applying the § 2K2.1(b)(6)(B) enhancement. "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." *United States v. Barker*, 556 F.3d 682, 689 (8th Cir. 2009). Thus, we review the district court's finding that Gibson possessed a firearm in connection with another felony for clear error. *See id.*

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

The § 2K2.1(b)(6)(B) enhancement applies whenever "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1, cmt. n.14(a). Gibson concedes that pointing a gun at Jackson would be sufficient to justify the enhancement.[2] Because Gibson objected to the factual basis for the § 2K2.1(b)(6)(B) enhancement, the Government must prove facts supporting it by a preponderance of the evidence. *See United States v. Mattox*, 27 F.4th 668, 676 (8th Cir. 2022). In doing so, the Government is not limited to evidence admissible under the Federal Rules of Evidence; rather, the court may consider any evidence, including hearsay, as long as it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Gant*, 663 F.3d 1023, 1029 (8th Cir. 2011); *see also United States v. Shackelford*, 462 F.3d 794, 795 (8th Cir. 2006) (concluding that a court may consider double hearsay at sentencing). We have previously found that permissible evidence can include police reports and testimony about their contents. *See, e.g., United States v. Schlosser*, 558 F.3d 736, 740 (8th Cir. 2009) (finding no plain error where district court relied on police incident report during sentencing); *see also United States v. Harris*, No. 20-2674, 2021 WL 4891812, at *2 (concluding district court's finding of a factual basis for sentencing enhancement, based in part on officer's testimony from police reports, was not clearly erroneous). "The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case, and is committed to the sound discretion of the district court." *United States v. Woods*, 596 F.3d 445, 448 (8th Cir. 2010).

Gibson's primary argument is that the district court improperly relied on evidence that amounted to a "regurgitation" of facts from the PSR and police report—in other words, hearsay evidence that lacked sufficient indicia of reliability—to establish that Gibson pointed the gun at Jackson during the chase. He

_____

[2]Although Jackson stated that she believed Gibson fired a shot, a fact which could have also served as a basis for the enhancement, the court did not find that a preponderance of the evidence established Gibson fired the gun because the gun's magazine was fully loaded when it was seized. The district court applied the enhancement based solely on its finding that Gibson pointed the gun at her.

also generally questions the credibility of Jackson in her 911 call. At sentencing, Detective Bell testified that, though he was not present at the incident, he was familiar with the contents of the case file and the investigation. He then testified that Jackson reported that Gibson pointed a brown gun at her during the chase and that he had fired it at her. Detective Bell further said that a brown gun with a full magazine was located in Gibson's car in the immediate aftermath of the chase, and during his testimony, a photo of the gun was introduced without objection from Gibson. The district court also listened to the 911 call in which, consistent with Detective Bell's testimony, Jackson stated that Gibson pointed a gun out his window. Gibson, for his part, testified that he did not point the gun at Jackson.

The district found both Detective Bell's testimony and Jackson's 911 call credible and deemed parts of Gibson's testimony not credible. *See United States v. Bridges*, 569 F.3d 374, 378 (8th Cir. 2009) (noting that sentencing court's "credibility determinations are virtually unreviewable on appeal"). The court noted the contemporaneous timing of Jackson's 911 call and the conduct at issue, Jackson's explicit statement in the call that Gibson pointed the gun out the window, her lack of motivation to lie, her description of the gun as brown, and the fact that a brown firearm was found in Gibson's car.[3] We will not second-guess the credibility determinations of the district court, and we conclude that, on this record, the court did not abuse its discretion in finding the testimony of Detective Bell and the contents of Jackson's 911 call sufficiently reliable to consider. Accordingly, the district court did not clearly err in finding that Gibson did, in fact, point the gun at Jackson.

Second, we consider Gibson's argument that his sentence was substantively unreasonable. Where there is no significant procedural error, we review the sentence for an abuse of discretion. *United State v. Feemster*, 572 F.3d 455, 461 (8th Cir.

---

[3]Gibson argues that the district court clearly erred in finding that the gun was located in the pocket behind the front passenger seat when Detective Bell testified only that it was found in an unspecified "pocket in the back seat." We fail to see how this distinction could have influenced the court's analysis.

2009). "A district court abuses its discretion in sentencing if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017) (internal quotation marks omitted). Gibson argues that the district court's 12-month upward variance was unreasonable because it relied, in part, on its finding that Gibson "pointed a weapon" at Jackson—conduct already accounted for in the guidelines calculation— and it gave undue weight to this conduct.

We discern no abuse of discretion. We have "stated repeatedly that factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance," so Gibson's pointing a gun at Jackson could properly be considered as a basis for a variance. *See United States v. Thorne*, 896 F.3d 861, 865 (8th Cir. 2018) (internal quotation marks omitted). The district court considered the appropriate factors at sentencing, and Gibson has not identified any clear error of judgment in the court's weighing of these factors. *See* 18 U.S.C. § 3553(a). The court emphasized that Gibson's offense warranted particularly serious consequences because his actions constituted "egregious behavior within the category of being a felon in possession . . . that calls out for a stiffer sentence as a general matter." The court also noted Gibson's record of domestic violence, the public risk created by his actions, and the fact that Gibson lied to police when he was arrested as additional bases for the upward departure. The district court did not abuse its discretion.

Third, we address Gibson's argument that the district court lacked statutory authority to order him to have no contact with Jackson during his incarceration. Reviewing *de novo,* we agree with Gibson that, to the extent a district court orders a defendant not to have contact with his victims during incarceration, "the district court does not have statutory authority to issue such an order." *United States v. Duffin*, 844 F.3d 786, 791 (8th Cir. 2016). Though not reflected in the written judgment, the district court orally issued a no-contact order prohibiting Gibson from

contacting Jackson not only during his term of supervised release but during his term of incarceration. *See United States v. Harris*, 794 F.3d 885, 889 (8th Cir. 2015) (concluding that oral judgments control at sentencing). The district court lacked the authority to issue this order. *See Duffin*, 844 F.3d at 791. Accordingly, we modify the oral judgment, striking the no-contact order only as it relates to Gibson's period of incarceration. As for the written judgment in this case, it only recommends—but does not order—that the Bureau of Prisons prohibit contact between Gibson and Jackson during Gibson's incarceration. Such recommendations are not final judgments, and we do not have jurisdiction to review them. *See id.*

For the foregoing reasons, we affirm the judgment as modified.

_____