# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2514
_____

United States of America,

*Plaintiff - Appellee,*

v.

Darrell Ray Sanders,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 19, 2025
Filed: October 29, 2025
_____

Before COLLOTON, Chief Judge, ERICKSON and STRAS, Circuit Judges.
_____

COLLOTON, Chief Judge.

Darrell Sanders pleaded guilty to receipt and possession of child pornography. *See* 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B). At sentencing, the district court[1] applied

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, now retired.

a five-level increase under the sentencing guidelines for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. The court sentenced Sanders to 132 months' imprisonment. On appeal, Sanders argues the district court committed a procedural error by applying the increase, and that the district court clearly erred by adopting two disputed facts from the presentence report. We conclude that there is no reversible error, and affirm the judgment.

I.

On April 12, 2022, in Kirkwood, Missouri, Sanders circled the area near Keysor Elementary School several times in his minivan. Sanders stopped twice to communicate with children whose initials are C.B. and P.H.

According to C.B., Sanders approached her in his minivan while she was walking from school to dance class. Sanders asked C.B. to see her feet. When C.B. said "no," Sanders moved on.

The second child, P.H., was playing outside with her friends when she rode her scooter toward the street after hearing what she thought was a vehicle crash. Sanders drove up next to P.H. and asked her to come to his van. According to a detective who investigated the incident, one of P.H.'s friends heard Sanders say to P.H., "Let me show you that." Sanders then drove on.

Police arrested Sanders the next day and questioned him. Sanders admitted that he drove around the school and communicated with C.B. and P.H. Sanders acknowledged that he asked to see C.B.'s feet and possibly offered to pay her to do so. Sanders said he did not know what he would have done if either girl had come over to him. Sanders admitted that his interactions with the minors made him feel excited and scared.

When asked if he had urges for younger girls, Sanders said that he always has "wrong" and "bad" thoughts in the back of his mind. Sanders said that he did not want to act on those thoughts, but his contacts with C.B. and P.H. were "close." Sanders denied having acted on his "bad" thoughts, but admitted that he had participated in online role-playing chat rooms with people who pretended to be younger girls.

Sanders then admitted to possession of child pornography. A search of Sanders's devices revealed thirty images and fourteen videos of child pornography on two cellular telephones. One video depicted a minor girl performing a sexual act on an adult male. Sanders admitted that he viewed child pornography on the same day that he communicated with C.B. and P.H.

Sanders pleaded guilty to one count of receipt of child pornography and one count of possession of child pornography. At sentencing, based on Sanders's encounters with C.B. and P.H., the district court applied a five-level increase under USSG § 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. The court determined an advisory guideline range of 121 to 151 months' imprisonment, and sentenced Sanders to 132 months. We review the district court's factual findings for clear error and its application of the sentencing guidelines *de novo*. *United States v. Chambers*, 878 F.3d 616, 620 (8th Cir. 2017).

II.

The sentencing guidelines provide for a five-level increase in a defendant's offense level if the district court finds by a preponderance of the evidence that the defendant has engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. USSG § 2G2.2(b)(5). A pattern consists of two or more separate instances of sexual abuse or exploitation of a minor. USSG § 2G2.2, comment. (n.1). As relevant here, "sexual abuse or exploitation" includes conduct

described in 18 U.S.C. § 2422 or an offense under state law that would have been an offense under § 2422 if the offense had occurred within the special maritime or territorial jurisdiction of the United States. *Id*. The provision also includes an attempt to commit any of the foregoing offenses. *Id*.

Section 2422(b) prohibits knowing enticement of a minor to engage in any sexual activity for which a person can be charged with a criminal offense. Missouri law prohibits enticement of a child for the purpose of engaging in sexual conduct. Mo. Rev. Stat. § 566.151. The elements of an attempt offense are intent to commit the predicate offense, and conduct that is a substantial step toward its commission. *United States v. Young*, 613 F.3d 735, 742 (8th Cir. 2010).

The district court ruled that Sanders's interactions with P.H. and C.B. constituted attempted enticement of a child under Missouri law, which would be an attempt offense under 18 U.S.C. § 2422(b) if the offense had occurred within federal jurisdiction. The court explained that "[d]uring his brief and separate communication with the minor females, Sanders admittedly had sexual thoughts about children, possessed images and videos of children performing sexually explicit acts on his cell phone, and was left feeling excited and scared by each interaction."

Sanders argues that the district court erred in concluding that his conduct qualified as attempted enticement. He argues the government did not establish that he intended to persuade C.B. or P.H. to engage in sexual activity or that he took a "substantial step" toward persuasion.

The district court did not clearly err in finding that Sanders's conduct towards P.H. constituted attempted enticement. Sanders circled the elementary school, asked

P.H. to come to his minivan, and said, "Let me show you that."[2] Sanders possessed child pornography on his phone, viewed child pornography on the day that he approached the girls, and admitted that he came "close" to acting on his "wrong" and "bad" thoughts about young girls. A defendant's intent may be inferred from the surrounding facts and circumstances. Under these circumstances, it was not clear error for the district court to infer that Sanders's statement to P.H. was sexual in nature, and that he intended to engage in sexual conduct if the enticement was successful and the opportunity presented itself. Sanders's actions in driving around the school and asking the girl to approach his van constituted a substantial step toward commission of the offense. His actions extended beyond mere preparation and corroborated his intent to entice P.H.

For similar reasons, the district court did not clearly err in determining that Sanders attempted to entice C.B. Sanders argues that asking to see C.B.'s feet may have been "creepy," but that seeing or touching a minor's feet is not forbidden under Missouri law. The circumstantial evidence, however, supports an inference that Sanders intended to do more than see C.B.'s feet if his efforts to lure her into the vehicle were successful. His possession and viewing of child pornography depicting sexual conduct and his admission about coming close to acting on bad thoughts buttress the court's finding that his proposition to C.B. was a first step toward intended sexual conduct. His actions in circling the school and approaching C.B. constituted a substantial step toward commission of the enticement offense.

Sanders argues that resentencing is required because the district court overruled his objection to one erroneous factual statement in the presentence report. The report said that Sanders stopped his vehicle near C.B. and asked if he could "lick her toes."

---

[2]Sanders argues that the court should disregard his statement to P.H., but the finding is supported by the detective's testimony about her interviews, and the district court permissibly credited the testimony and deemed the hearsay reliable. *See* USSG § 6A1.3(a); *United States v. Woods*, 596 F.3d 445, 448 (8th Cir. 2010).

The evidence does not support that statement, but we conclude that the error in the report is harmless because it did not substantially influence the outcome of the proceeding. *See* Fed. R. Crim. P. 52(a); *Kotteakos v. United States*, 328 U.S. 750, 764-65 (1946).

In explaining the reasons for the sentence imposed, the district court stated:

> Between April 1st, 2022, and April 13th, 2022, Sanders knowingly received and possessed child pornography using the internet . . ., and the images and videos depicted, in part, minors under the age of 12 engaged in sexually explicit conduct, to include sadistic and masochistic conduct.
>
> The discovery of child pornography on the Defendant's cell phone was precipitated by his arrest by the Kirkwood Police Department. Sanders was arrested and brought in for questioning by the Kirkwood Police Department regarding allegations that he had attempted to entice two minor females to approach his van on April 12th, 2022.
>
> During his brief and separate communication with the minor females, Sanders admittedly had sexual thoughts about children, possessed images and videos of children performing sexually explicit acts on his cell phone, and was left feeling excited and scared by each interaction.

The court did not refer to a request from Sanders to C.B. to "lick her toes" when it found that Sanders initiated contact with the girl in an effort to lure her into his van with intent to engage in sexual conduct. The district court's finding about intent is supported by the possession of child pornography that he viewed on the same day, admissions about coming close to acting on bad and wrong thoughts, and the circumstances of an adult male approaching young girls after circling an elementary school. We are confident that the district court would have reached the same result

if the statement about licking toes had been excised from the presentence report.  A remand is not warranted.

       The judgment of the district court is affirmed.  The motion to supplement the record is denied.

_____